UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>                            Plaintiff,<br><br>v.<br><br>MARY E. SHERMAN, et al.,<br><br>                            Defendants. | Case No.: 19-CV-605 JLS (LL)<br><br>**ORDER: (1) DENYING PLAINTIFF'S *EX PARTE* MOTION TO LIMIT THE MOTIONS TO BE HEARD AT THE OCTOBER 24, 2019 HEARING TO THE SEVEN (7) CATALOGUED IN ECF 46, AND (2) GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE OF THE COURT TO ALLOW THE NON-ELECTRONIC FILING OF TWO (2) EXHIBITS**<br><br>(ECF Nos. 53, 57) |

      Presently before the Court are Plaintiff Laura Lynn Hammett's *Ex Parte* Motions (1) to Limit the Motions to be Heard at the October 24, 2019 hearing to the seven (7) Catalogues in ECF No. 46 ("Hearing *Ex Parte*," ECF No. 53), and (2) for Leave of the Court to Allow the Non-electronic Filing of Two (2) Exhibits Which Are Not Convertible to Electronic Form Pursuant to Electronic Case Filing Procedures Manual Section 2k in Regard to Opposition to Sherman Defendants' Motion to Dismiss, ECF No. 40 ("Non-Electronic Filing *Ex Parte*," ECF No. 57).

In the Hearing *Ex Parte*, Plaintiff requests that the Court hear only her motion for sanctions (ECF No. 45) and motion to compel the Clerk to enter default (ECF No. 29) and Defendants' motions (ECF Nos. 18, 19, 37, 40, 41) on October 24, 2019, and to continue the hearing on the motions for attorneys' fees (ECF Nos. 49, 54) to another date. Hearing *Ex Parte* at 2–3.

"The Court has inherent power to control its docket 'in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.'" *In re Galena Biopharma, Inc. Derivative Litig.*, 83 F. Supp. 3d 1033, 1042 (D. Or. 2015) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court has determined that hearing together all motions stemming from Defendants' responses to Plaintiff First Amended Complaint will best promote these interests. Although the Court understands that Plaintiff must respond to several motions, these motions present several overlapping issues that Plaintiff may adequately address within the forty pages granted her. Accordingly, the Court **DENIES** Plaintiff's Hearing *Ex Parte* (ECF No. 53).

In her Non-Electronic Filing *Ex Parte*, Plaintiff requests leave to file non-electronically two tapes of voicemail messages. Non-Electronic Filing *Ex Parte* at 2–3. Without making a ruling as to the admissibility of Plaintiff's proposed exhibits,[1] the Court **GRANTS** the Non-Electronic Filing *Ex Parte* (ECF No. 57). Plaintiff **SHALL LODGE** a compact disc ("CD") or digital versatile disc ("DVD") containing the aforementioned exhibits and **SHALL PROVIDE** a courtesy copy of the CD or DVD to the Court.

**IT IS SO ORDERED.**

Dated: September 9, 2019

Hon. Janis L. Sammartino
United States District Judge

---

[1] "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).