UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laura Lynn Hammett,<br><br>                    Plaintiff,<br><br>v.<br><br>Mary E. Sherman, et al.<br><br>                    Defendant. | **Case No.: 19-CV-0605-JLS-LL**<br><br>**NOTICE OF OBJECTION TO NOTICE OF ERRATA RE: DOCUMENT NOS. 20-2 AND 49-3 (ECF NO. 76)**<br><br>**Hearing Date: October 24, 2019**<br>**Time: 1:30 p.m.**<br>**Courtroom 4D**<br><br>**Honorable Janis L. Sammartino presiding**<br>**Honorable Magistrate Linda Lopez** |

Plaintiff Laura Lynn Hammett objects to the Notice of Errata Re: Document Nos. 20-2 and 49-3 (ECF No. 76) and its supporting declaration (ECF No. 76-1).

Plaintiff filed Plaintiff's Ex Parte Motion to Strike (1) Defendant Patrick C. McGarrigle, Esq. and McGarrigle, Kenny (sic) & Zampiello's Motion for Attorneys' Fees and Costs as Prevailing Parties (Cal. Code Civ. Proc. Sec. 425.16(c)(1)); (2) All Papers filed Concurrently; (3) Defendants Patrick C. McGarrigle, Esq. and McGarrigle, Kenney & Zampiello's (1) Special Motion to Strike Plaintiff's First Amended Complaint and (2) Motion to Dismiss Plaintiff's First Amended Complaint; and (4) papers filed concurrently. (28 U.S.C. Section 1746) (ECF No. 65) on September 14, 2019.

1

In it, Plaintiff discusses the effect of subscribing a declaration as required by 28 U.S.C. §1746 at the beginning of a document instead of at the end, especially while using the word "foregoing" in the required statement.

Defendants Patrick C. McGarrigle and McGarrigle, Kenney and Zampiello filed what they termed a "notice of errata" on September 24, 2019, ten (10) days later. (ECF No. 76).

The "notice of errata" is a lightly veiled amendment of the declarations, and therefore not timely. The declaration ECF No. 20-2 supports a motion to dismiss and strike that was due to be filed by July 30, 2019. The declaration ECF 49-3 was due to be filed by September 4, 2019 pursuant to C.R.C. Rule 3.1700(a)(1). (Enforcing a motion under California procedural law.)

Mr. McGarrigle, is a licensed attorney who is disputing a legal malpractice claim. He should try to show the level of competence that other attorneys would reasonably show.  His attorney claims by declaration to be an expert worthy of higher than average fees, yet he did not notice the "error". The six other defense attorneys served with a copy of the declaration and the other two attorneys accused of legal malpractice by Plaintiff neglected to mention the "error".

The error was not "typographical". As per the declaration and exhibit attached to the Plaintiff's ex *parte* motion to strike, the placement of the statement is inconsistent with every other declaration by Mr. McGarrigle or Mr. Agle plaintiff found on Westlaw.

Inadvertent or not, changing the word "foregoing" to "following" is a substantial change that requires drastic and time-consuming changes to Plaintiff's memorandum in opposition, declaration and exhibits, which were complete before the "errata" was filed. Plaintiff withheld filing the opposition until she heard if the Court was going to order SSP to allow Plaintiff to inspect company records in time to include her findings in the oppositions which require proving probability of prevailing on the case.

Even when a third party transcribes the testimony of a deponent, FRCP Rule 30(e) limits the deponent to 30 days to correct typographical errors. Amending errors in

2

Notice of Objection to Order Denying Plaintiff's Ex Parte Motion to Limit the Motions to be Heard at the October 24, 2019 Hearing to the Seven (7) Catalogued in ECF 46         19-CV-0605-JLS-LL

substance is allowed by some Courts, but not others. "A deposition is not a take home examination." (quoting *Trout v. First Energy Generation Corp., 339 F. App/x 560, 565 (6th Cir. 2009)*).

The declarations Patrick C. McGarrigle is attempting to amend were "take home exams" so to speak and he failed. He is being as ingenuous as attorney Keith Cochran, when Mr. Cochran claimed it was his intent to write the Motion to Dismiss, ECF No. 19, on behalf of three defendants instead of what he wrote, "two defendants".

Patrick C. McGarrigle and MKZ have corrected errors correctly in this case. They made a correction to the motion for attorney fees that was filed as ECF No. 47 by replacing it with ECF No. 48.

Defendants Ellis Roy Stern and Alan N. Goldberg also made a change to their motion for attorney fees ECF No. 54 by replacing it with ECF No. 58. (neither filed timely, but the amendment was made according to procedures the Clerk told Plaintiff were proper.

Pro se litigants are not relieved from following applicable rules of procedure, and attorneys opposing pro se litigants are not relived from following applicable rules of procedure, either.

Therefore, the Plaintiff objects to the filing of a notice of errata where it is not appropriate procedurally.

Date __9/25/2019____    _____/s Laura Lynn Hammett_____
                         Laura Lynn Hammett in pro se

3

Notice of Objection to Order Denying Plaintiff's Ex Parte Motion to Limit the Motions to be Heard at the October 24, 2019 Hearing to the Seven (7) Catalogued in ECF 46        19-CV-0605-JLS-LL