UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>    Plaintiff,<br><br>v.<br><br>MARY E. SHERMAN, et al.,<br><br>    Defendants. | Case No.: 19-CV-605 JLS (AHG)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO SEEK TO FILE CONFIDENTIAL EXHIBITS UNDER SEAL AND GRANTING DEFENDANTS AN OPPORTUNITY TO RESPOND TO UNTIMELY EVIDENCE**<br><br>(ECF No. 98) |

Presently before the Court is Plaintiff Laura Lynn Hammett's *Ex Parte* Motion to Submit Exhibits to be Seen in Camera to Chambers ("*Ex Parte* Mot.," ECF No. 98), in which she "respectfully ask[s] the Court to make an order granting leave to submit six (6) exhibits Plaintiff intended to offer in camera at the hearing of October 24, 2019 that was vacated on October 17, 2019." *Id.* at 1–2. Ms. Hammett explains that "[t]he exhibits were not offered with the other seventeen (17) exhibits lodged as ECF No. 78-3 because they were marked 'Confidential' before being transmitted to Plaintiff by Patrick C. McGarrigle." *Id.* at 2.

Although dramatic presentations of new evidence at court hearings may seem commonplace based on depictions in television and film, they are in actuality quite rare

because due process affords the other party the right to notice and an opportunity to respond. *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement."); *see also, e.g.*, *In re Speir*, No. BAP CC-10-1383, 2011 WL 5838570, at *5 (B.A.P. 9th Cir. Sept. 26, 2011) (concluding that bankruptcy court abused its discretion by accepting late-filed evidence without allowing the other party the opportunity to respond); *Nguyen v. McHugh*, 65 F. Supp. 3d 873, 887 (N.D. Cal. 2014) (striking the plaintiff's late-filed errata to her opposition "because it would prejudice Defendant if Defendant was forced to respond in reply to a lengthy and untimely filing one day before the deadline for the reply"), *aff'd*, 722 F. App'x 688 (9th Cir. 2018); *BSD, Inc. v. Equilon Enterprises, LLC*, No. C 10-5223 SBA, 2013 WL 12306493, at *2 (N.D. Cal. Mar. 25, 2013) (concluding that late-filed evidence depriving responding property of opportunity to respond was not properly before the court).

It is for this reason that this District's Civil Local Rules require that "[t]he opposition [to any motion] must contain . . . copies of *all* documentary evidence upon which the party in opposition relies." S.D. Cal. CivLR 7.1(f)(3)(b) (emphasis added). Where the producing party has designated materials "Confidential," the usual practice is for the receiving party to seek leave of the court to file under seal any documents she wishes to use in a court proceeding. *See* S.D. Cal. CivLR Model Protective Order ¶ 12; *see also* How to E-file a Civil Motion to File Documents Under Seal, Southern District of California Electronic Case Filing CM/ECF User's Manual Including How to File a New Civil Case and How to File Civil Sealed Documents, 94–102 (rev. Apr. 2013), *available at* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Users%20Manual%20for%20Electronic%20Case%20Filing.pdf; United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual, 14–16 (Aug. 1, 2019), *available at* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual%20080119.pdf.

| | |
|---|---|
| 1 | The Court previously counseled Ms. Hammett that "*ex parte* motions are |
| 2 | disfavored," ECF No. 75 at 2 (quoting *Ayestas v. Davis*, 584 U.S. __, 138 S. Ct. 1080, 1091 |
| 3 | (2018)), and warned her that *ex parte* relief is merited only in "extremely limited" |
| 4 | circumstances, *id.* (quoting *Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC*, No. |
| 5 | 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015)), including where |
| 6 | "the moving party is without fault in creating the crisis that requires ex parte relief, or that |
| 7 | the crisis occurred as a result of excusable neglect." *Id.* (quoting *Mission Power Eng'g Co.* |
| 8 | *v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Ms. Hammett is not without |
| 9 | fault in creating the present evidentiary crisis; nonetheless, because she is proceeding *pro* |
| 10 | *se*, the Court concludes that her failure to file exhibits under seal was the result of excusable |
| 11 | neglect. That said, Ms. Hammett is now on notice that *all materials* in support or |
| 12 | opposition of a given motion must be filed by the Court-ordered deadlines, whether |
| 13 | publicly or under seal. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se |
| 14 | litigants must follow the same rules of procedure that govern other litigants."), *overruled* |
| 15 | *on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). |

The Court therefore **GRANTS** Ms. Hammett's *Ex Parte* Motion. Accordingly, within three (3) days of the electronic docketing of this Order, Ms. Hammett **SHALL FILE UNDER SEAL** the six proposed exhibits designated as "Confidential" and **SHALL FILE** a separate motion for leave to file those documents under seal. Within seven (7) days of the electronic docketing of an Order on Ms. Hammett's motion for leave to file the documents under seal, Defendants Patrick G. McGarrigle and McGarrigle, Kenney & Zampiello and Defendants Alan N. Goldberg, Ellis Roy Stern and Stern & Goldberg each **MAY FILE** a response, not to exceed ten (10) pages.

**IT IS SO ORDERED.**

Dated: October 21, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge