UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARY E. SHERMAN, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19-CV-605 JLS (LL)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO RETAIN REPRESENTATION ON LIMITED SCOPE**<br><br>(ECF No. 146) |

　　　　Presently before the Court is Plaintiff Laura Lynn Hammett's Motion for Leave to Retain Representation for Special Appearance for the Purpose of Collection of Fees and Costs for Process of Services and Attorney Fees and Costs for the Collection of Said Fees and Costs Pursuant to L.R. 83.3(f)(4) ("Mot.," ECF No. 146). Although the Court set this matter for a hearing on September 10, 2020, the Court concludes that this matter is suitable for resolution on the papers pursuant to Civil Local Rule 7.1(d)(1).

　　　　Plaintiff explains that she "is a pro se litigant who must spend days of her time learning each specific procedure and substantive law for each subject that is involved in the present litigation." Mot. at 1. "Collecting fees and costs of service of process is an area of law that is distinct from the issues in the case at bar, but is common to all cases, and therefore a trained attorney can perform the task much more efficiently than a non-attorney pro se litigant." *Id.* She therefore "requests the Court grant an order allowing the

Plaintiff to hire Counsel for the specific task of requesting and collecting costs including attorney fees of serving process." *Id.*

The Court previously explained to Plaintiff that, "[a]lthough the California Rules of Court provide a mechanism for a limited scope representation, *see* Cal. R. of Ct. 3.35–37, neither the Federal Rules of Civil Procedure nor this District's Civil Local Rules do." ECF No. 22 at 1. Plaintiff cites no authority for the Court to grant her request; rather, the provision on which Plaintiff relies, Civil Local Rule 83.3(f)(4), addresses "[s]pecial [a]ppearances." "Technically, 'special appearance' means an appearance for the limited purpose of challenging an assertion of personal jurisdiction over a party." *Streit v. Covington & Crowe*, 82 Cal. App. 4th 441, 444 n.2 (2000). The term also has a "less formal but perhaps more common usage to denote an appearance at a hearing by one attorney at the request and in the place of the attorney of record, whether with or without compensation." *Id.* (collecting cases). Plaintiff's Motion seeks neither of these; instead, Plaintiff requests a limited scope representation. Accordingly, Civil Local Rule 83.3(f)(4) is not applicable.

Because the Court concludes that there is no mechanism for a limited scope representation in this District, the Court **DENIES** Plaintiff's Motion (ECF No. 146).[1]

**IT IS SO ORDERED.**

Dated: August 13, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[1] Plaintiff contends that "[i]ncreasing costs that are available by statute to a litigant who cannot afford representation for all purposes and then not allowing the litigant to hire an attorney to represent her on just that issue denies a pro se litigant due process." Mot. at 1. But the Ninth Circuit has recognized that "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citing *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982)).