UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>                            Plaintiff,<br>v.<br>MARY E. SHERMAN, et al.,<br><br>                           Defendants. | Case No.: 19-CV-605 JLS (LL)<br><br>**ORDER (1) GRANTING THE SHERMAN DEFENDANTS' EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT, AND (2) EXTENDING DEADLINE TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(ECF No. 147) |

Presently before the Court is the Ex Parte Application for an Extension of Time to Respond to Second Amended Complaint ("Ex Parte App.," ECF No. 147) filed by Defendants Mary Sherman and Jeffrey Sherman in all their named capacities (the "Sherman Defendants"), as well as Plaintiff Laura Lynn Hammett's Opposition ("Opp'n," ECF No. 149). The Sherman Defendants seek a three-week extension of time to respond to Plaintiff's Second Amended Complaint, *see* Ex Parte App. at 1, which "is 71 pages (not including exhibits) and contains 455 paragraphs and 15 claims for relief." *See id.* at 2; *see also* ECF No. 145.

Plaintiff opposes the Sherman Defendants' request on both procedural grounds and substantively. First, Plaintiff contends that the Sherman Defendants failed to include Defendants Ellis Roy Stern; Alan N. Goldberg; Stern & Goldberg; Patrick C. McGarrigle; and McGarrigle, Kenney & Zampiello (the "Attorney Defendants") in the email regarding the Ex Parte Application. Opp'n at 2–3. The Attorney Defendants, however, were voluntarily dismissed, *see* ECF No. 38, and were not named as defendants in the Second Amended Complaint. *See* ECF No. 145. Accordingly, they are not currently parties to this action.

Second, Plaintiff notes that "the motion on its face is denoted an application by only the Sherman Defendants." Opp'n at 3. That is true—the Ex Parte Application is not brought as a joint motion. Accordingly, there is no violation of Civil Local Rule 7.2, which applies only to stipulations and joint motions.

Third, Plaintiff argues that a three-week extension is inappropriate because Defendants "ought to be able to complete their motions in the usual amount of time." Opp'n at 5. Plaintiff adds that "[e]very day that goes by is another day for the defendants to spend, waste, transfer, invest for themselves or otherwise misuse my share of SSP assets." *Id.* at 4 (quoting ECF No. 149-2). In light of the three-*month* extension of time the Court granted Plaintiff to file her Second Amended Complaint, *see* ECF No. 132, the Court concludes that the three-*week* extension requested by the Sherman Defendants is reasonable and appropriate. Accordingly, the Court **GRANTS** the Sherman Defendants' Ex Parte Application.

"A district court has inherent power to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Santos v. Baca*, No. 2:11-cv-01251-KJD-NJK, 2016 WL 11653077, at *1 (D. Nev. July 29, 2016) (quoting *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1058 (9th Cir. 2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))) (internal quotation marks omitted); *see also Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1340 (9th Cir. 1985) ("The . . . control of the docket [is a] matter[] left to the discretion of the district court."). "This broad

discretion extends to setting filing deadlines." *Id.* (citing *Robertson v. FedEx Nat'l. Ltl, Inc..*, No. CV 09-5016 DSF (FFMx), 2010 WL 10020690, at *2 (C.D. Cal. Jan. 5, 2010)). To avoid piecemeal litigation and to coordinate Defendants' responses to Plaintiff's Second Amended Complaint, all Defendants **SHALL RESPOND** to Plaintiff's Second Amended Complaint no later than September 11, 2020.

**IT IS SO ORDERED.**

Dated:  August 14, 2020

Hon. Janis L. Sammartino
United States District Judge