UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>         Plaintiff,<br><br>v.<br><br>MARY E. SHERMAN, et al.,<br><br>         Defendants. | Case No.: 19-CV-605 TWR (LL)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND (2) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR ORDER SHORTENING TIME**<br><br>(ECF Nos. 184, 185) |

    Presently before the Court are Plaintiff Laura Lynn Hammett's Motion for Reconsideration of Order Denying as Moot Plaintiff's Motion for Disqualification of the Honorable Janis L. Sammartino ("Reconsideration Mot.," ECF No. 154) and Ex Parte Motion for Order Shortening Time ("Ex Parte Mot.," ECF No. 185). Because Plaintiff had sought the disqualification of Judge Sammartino, (*see* ECF No. 153), her request was mooted by the transfer of this action to the undersigned. *See, e.g.*, *Shahin v. Darling*, 606 F. Supp. 2d 525, 545 (D. Del.) (denying as moot motion for recusal when case was subsequently reassigned to another judge), *aff'd*, 350 F. App'x 605 (3d Cir. 2009). The Court therefore denied as moot her disqualification motion. (*See* ECF No. 174.) Plaintiff now seeks reconsideration of that Order based on the "new circumstance" that Defendants' motions to dismiss contend that certain of Judge Sammartino's prior legal conclusions are

"the law of the case." (*See* Reconsideration Mot. at 2–3.)  Plaintiff additionally requests that her Reconsideration Motion be heard on an expedited basis so that she may receive a decision "ahead of the due date for response to the MTD." (*See* Ex Parte Mot. at 2.)

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Consequently, reconsideration is appropriate in only limited circumstances, such as where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* S.D. Cal. CivLR 7.1(i)(2) (requiring any party moving for reconsideration "to present to the judge . . . an affidavit . . . setting forth . . . what new or different facts and circumstances are claimed to exist [that] did not exist, or were not shown, upon such prior application").

Defendants' legal arguments are not "newly discovered evidence" or "an intervening change in controlling law" that would permit reconsideration of the Court's Order.  *See, e.g.*, *Nash v. Hepp*, No. 08-CV-202, 2010 WL 1221739, at *1 (E.D. Wis. Mar. 22, 2010) (denying motion for reconsideration because, among other things, a "legal citation [wa]s not 'evidence'" and, "even if it w[ere] evidence, it [wa]s not 'newly-discovered'"), *aff'd*, 740 F.3d 1075 (7th Cir. 2014).  Consequently, any arguments concerning "the law of the case" are appropriately addressed in Plaintiff's opposition to the motions to dismiss.  The Court therefore **DENIES** Plaintiff's Reconsideration Motion and **DENIES AS MOOT** Plaintiff's Ex Parte Motion.

**IT IS SO ORDERED.**

Dated:  October 16, 2020

_____
Honorable Todd W. Robinson
United States District Court