UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LAURA LYNN HAMMETT,

Plaintiff,

v.

MARY E. SHERMAN, et al.

Defendants.

Case No.: 19cv605-LL-AHG

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER AWARDING ATTORNEYS' FEES AND DENYING PLAINTIFF'S REQUEST FOR CLARIFICATION**

**[ECF Nos. 177, 193]**

This matter is before the Court on Plaintiff Laura Lynn Hammett's Motion to Vacate Void Orders Granting Attorneys' Fees. ECF No. 177. The Motion requests that the Court vacate or reconsider its March 23, 2020 order [ECF No. 111] granting the motions for attorneys' fees of (a) Defendants Patrick C. McGarrigle and McGarrigle, Kenney & Zampiello, APC (the "MKZ Defendants") [ECF No. 49] and (b) Defendants Ellis Stern, Alan N. Goldberg, and Stern & Goldberg Attorneys (the "S&G Defendants") [ECF No. 54] (jointly, the "Attorney Defendants"). The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court finds that Plaintiff has not shown that there is newly available

evidence, an intervening change in controlling law, or clear error that would merit reconsideration of the Court's prior interlocutory order. Accordingly, Plaintiff's Motion to Vacate or Reconsider the order awarding attorneys' fees is **DENIED**. ECF No. 177. Plaintiff's Request for Clarification is also **DENIED AS MOOT** as discussed below. ECF No. 193.

## I.    BACKGROUND

The Court adopts the summary of facts relevant to the award of attorneys' fees to the Attorney Defendants as recited in its prior order. ECF No. 111 at 45. Briefly, Plaintiff brought claims for conversion and legal malpractice (her fifth and sixth causes of action) against the Attorney Defendants in her first amended complaint [ECF No. 3 ¶¶ 264-303], the Attorney Defendants filed special motions to strike, or to dismiss, Plaintiff's first amended complaint under California's anti-strategic lawsuit against public participation (anti-SLAPP) statute [ECF Nos. 20, 21], and Plaintiff voluntarily dismissed her fifth and sixth claims against the Attorney Defendants under Rule 41(a)(1)(A)(i) [ECF No. 38]. The Court then dismissed the special motions to strike as moot [ECF No. 39], determined that the Attorney Defendants were prevailing parties under the anti-SLAPP Statute [ECF No. 111 at 46-48], and awarded attorneys' fees to the Attorney Defendants [*Id.* at 52].

Plaintiff appealed this Court's order [ECF No. 135], and the Circuit Court dismissed the appeal for lack of jurisdiction [ECF No. 144]. Subsequently, Plaintiff filed the instant Motion. ECF No. 177. The Attorney Defendants filed a joint response in opposition to Plaintiff's Motion [ECF No. 195] and Plaintiff filed a reply to Defendants' opposition [ECF No. 196].

## II.    REQUEST FOR CLARIFICATION

As an initial matter, the Court responds to Plaintiff's Amended Request for Clarification [ECF No. 193], which asks the Court to clarify whether section III(B)(2) of District Judge Todd Robinson's Civil Standing Order—setting the briefing schedule for motions—was amended between September 30, 2020 and October 1, 2020, in response to

Judge Robinson's order [ECF No. 191] granting the Attorney Defendants' ex parte Motion to File Oppositions to Plaintiff's Motion to Vacate [ECF No. 188].

Generally speaking, "an issue is moot when deciding it would have no effect within the confines of the case itself." *Tur v. Youtube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (citing *In re Pattulo*, 271 F.3d 898, 901 (9th Cir. 2001)). In the Court's prior order, Judge Robinson noted that his Civil Standing Order had been posted prior to the filing of Plaintiff's motion, acknowledged that Defendants' motion was untimely, and extended the Attorney Defendants' time to file an opposition to Plaintiff's Motion to Vacate, noting the confusion that may have arisen from the transfer of the case and that the Court would extend the same courtesy to Plaintiff.[1] ECF No. 193 at 2 n.1, 2-3.

Because Judge Robinson found that the Attorney Defendants' motion was untimely and nevertheless granted an extension to respond to Plaintiff's Motion to Vacate,[2] clarification on the revision of Judge Robinson's Civil Standing Order would have no effect on this case. Accordingly, Plaintiff's Amended Request for Clarification [ECF No. 193] is **DENIED AS MOOT**.

### III.   LEGAL STANDARD

An attorney's fee award may be vacated "for failure to provide clear but concise explanation." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986)). However, "'the determination of attorney fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.'" *Id.* (quoting *Zuniga v. United Can Co.*,

---

[1] Indeed, the Court now extends the same courtesy to Plaintiff by considering the instant Motion to Vacate, which was untimely as explained in this Order below.

[2] The extension of time granted was consistent with the Court's liberal construction of Rule 6(b)(1) of the Federal Rules of Civil Procedure "to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (quoting *Staren v. Am. Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)).

812 F.2d 443, 454 (9th Cir. 1987)). As Plaintiff does not argue that this Court's order awarding attorneys' fees failed to explain the fee award or that the award was an abuse of discretion, the Court construes the instant Motion as a motion for reconsideration of its order awarding fees.

Courts may modify their interlocutory orders at any time before entering a judgment through their inherent powers and as explicitly granted by Rule 54(b) of the Federal Rules of Civil Procedure. *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989); Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) ("[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case."). Reconsideration of interlocutory orders under Rule 54 is an "inherent" power of the Court that is "rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure." *Baykeeper*, 254 F.3d at 887.

Although the federal rules do not set forth a specific standard for reconsideration of interlocutory orders, the Ninth Circuit evaluates such requests under the law of the case doctrine. *See Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). For the law of the case doctrine to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (quoting *Liberty Mut. Ins. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)). "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988), *amended*, 860 F.2d 357 (9th Cir. 1988). However, a trial court may reconsider its prior, non-final decisions where there: (1) has been an intervening change of controlling law; (2) is newly available evidence; or (2) is a need to correct a clear error or prevent manifest injustice. *Paiute Tribe*, 882 F.2d at 369 n.5; *See also United States v. Houser*, 804

4

F.2d 565, 567 (9th Cir. 1986) ("All rulings of the trial court are subject to revision at any time before the entry of judgment.").

Local Civil Rule 7.1 additionally provides that a motion for reconsideration must be accompanied by an affidavit setting forth the material facts and circumstances surrounding a prior application for relief including, among other things: (1) when and to what judge the application was made; (2) what ruling or decision or order was made thereon; and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application. S.D. Cal. CivLR 7.1.i.1. The rule also provides that a motion for reconsideration "must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered" "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure. S.D. Cal. CivLR 7.1.i.2.

## IV.   DISCUSSION

Plaintiff filed the instant Motion on October 1, 2020, more than six months after the entry of the Court's March 23, 2020 order which Plaintiff requests that this Court reconsider. ECF No. 177. Plaintiff asserts that the Court committed clear error by granting the award of attorneys' fees because the Attorney Defendants "were erroneously deemed as the assumptive prevailing party[.]" *Id.* at 2. Plaintiff argues that the Court committed clear error by determining that the Attorney Defendants were prevailing parties for the purposes of awarding fees related to their anti-SLAPP motions because the cause of action was void and because the Court failed to consider the "first prong for classification of the test for classification as a SLAPP suit; and any discretionary decision made by Judge Sammartino was tainted by what appears to be bias against the Plaintiff." *See id.*

As noted in the preceding section of this Order, reconsideration of an interlocutory order is based on the Court's inherent authority rooted in common law as well as Rule 54(b) of the Federal Rules of Civil Procedure. Consequently, Plaintiff cannot avail herself of the exception to the time limit set out by Civil Local Rule 7.1.i.2, and her Motion is untimely for failure to meet the twenty-eight-day requirement articulated in that rule. S.D.

Cal. CivLR 7.1.i.2. Additionally, Plaintiff has not set forth any new or different facts or circumstances from those at the time the challenged order was granted, as is required by Civil Local Rule 7.1.i.1. As such, Plaintiff's Motion is procedurally faulty for non-compliance with the provisions of Civil Local Rule 7.1.i. Nevertheless, the Court examines whether the challenged order merits reconsideration under the law of the case doctrine.

### A.  Plaintiff's Voluntary Dismissal is Not Void

Plaintiff argues that the award of attorneys' fees to the Attorney Defendants should be vacated because the legal malpractice cause of action alleged, and later voluntarily dismissed, was a derivative cause of action that Plaintiff could not properly assert as a party appearing pro se and without license to practice law. ECF No. 177-2 at 2. In support of her argument, Plaintiff cites to *City of Downey v. Johnson*, 263 Cal. App. 2d 775 (1968), *Russell v. Dopp*, 36 Cal. App. 4th 765 (1995) and *Davis Test Only Smog Testing v. Dep't of Consumer Affairs*, 15 Cal. App. 5th 1009 (2017).

Though the factual circumstances of each case differ from those in this case and from each other, the three cases cited by Plaintiff generally stand for the proposition that a judgment obtained by an unlicensed person representing another cannot be sustained. *See Johnson*, 263 Cal. App. 2d at 783 ("[W]e have a lay person not a member in good standing of any bar practicing law illegally, although perhaps unwittingly. We therefore feel constrained to hold the judgment invalid[.]"); *Russell*, 36 Cal. App. 4th at 775 ("an unlicensed person cannot appear . . . for another person, and . . . the resulting judgment is a nullity"); *Davis Test Only Smog Testing*, 15 Cal. App. 5th at 1016 (quoting the language in *Russell*). Because no judgment was rendered on Plaintiff's now-dismissed claims against the Attorney Defendants, none of the cases cited by Plaintiff support a finding of clear error by this Court.

A plaintiff's right to voluntarily "dismiss an action when the defendant has not yet served an answer or summary judgment" is an "absolute right." *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999). Normally, a voluntary dismissal under Rule 41(a)(1)(A)(i) "leaves no role for the court to play" because it "leaves the parties as

though no action had been brought." *Id.* (citation omitted). Rule 41 "does not consider the plaintiff's reasons for seeking a voluntary dismissal." *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991). However, where "the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for the purpose of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)." *Coltrain*, 77 Cal. Rptr. 2d at 608.[3] Within that scope, the Court may inquire as to a plaintiff's reasons for voluntary dismissal. *Gottesman v. Santana*, 263 F. Supp. 3d. 1034, 1043 (S.D. Cal. July 6, 2017).

Here, Plaintiff admits that her voluntary dismissal of the claims against the Attorney Defendants was due to her own error in improperly asserting a derivative action as a pro se litigant and that, "[w]ith diligence, [P]laintiff could have known the law." ECF Nos. 38 at 2; 177-3 ¶¶ 8-9; 196 at 6. Federal Rule of Civil Procedure 11 requires that a pro se plaintiff conduct a reasonable inquiry to ensure that their legal contentions are warranted by existing law, by non-frivolous arguments to extend, modify, or reverse existing law, or non-frivolous arguments to establish new law. Fed. R. Civ. P. 11. There is no merit to Plaintiff's contention that the Attorney Defendants or the Court failed to adequately aid in the prosecution of her claim. *See* ECF Nos. 177-2 at 4, 196 at 3-4. *Cf. Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1986) ("[C]ourts should not have to serve as advocates for pro se litigants."). Accordingly, to the extent Plaintiff argues that the underlying voluntary dismissal of her claims against the Attorney Defendants should be vacated, the Court finds

---

[3] Plaintiff contends that attorneys' fees should not have been awarded "on a cause of action that was dismissed or amended out for any reason." ECF No. 177-2 at 7. This argument is firmly foreclosed by the caselaw. *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1189 n.4 (9th Cir. 2017) (noting that abandoned claims may be relevant to a motion for attorneys' fees).

that there was no clear error, and that the Court is without jurisdiction to vacate Plaintiff's dismissal. *Am. Soccer Co.*, 187 F.3d at 1112.

## B. Reconsideration is Not Warranted

The Court's order granting the award of fees to the Attorney Defendants largely adopted the reasoning set out in *Gottesman*, which noted that California courts differ in their approach when determining whether a defendant is a prevailing party when the plaintiff voluntarily dismisses their claim before the anti-SLAPP motion to strike has been adjudicated:

> Some courts, particularly state courts, follow the approach taken in *Liu*, which states that a court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs. Other courts, particularly federal courts applying the anti-SLAPP statute, have generally followed the *Coltrain* approach, which states that a plaintiff's voluntary dismissal raises a presumption that the defendant is the prevailing party that the plaintiff can rebut by explaining its reason for dismissal. The Court agrees with and joins its sister courts in holding that *Coltrain* provides a more pragmatic approach to assessing actions that have been voluntarily dismissed, and thus applies *Coltrain* to the instant anti-SLAPP motion.

263 F. Supp. 3d at 1043 (internal citations and quotations omitted). *See also Mireskandari v. Daily Mail & Gen. Trust PLC*, No. CV 12-02943 MMM (FFMx), 2014 U.S. Dist. LEXIS 199028, at *15-16 (C.D. Cal. Aug. 4, 2014) ("The court agrees with other federal courts that *Coltrain* provides a pragmatic approach to the adjudication of actions that have been voluntarily dismissed, and applies its rule to the case as bar.") (collecting cases). As summarized in *Gottesman*, the approach set out in *Liu v. Moore* requires the trial court to adjudicate the merits of the anti-SLAPP motion to determine whether defendants set out a prima facie case that the SLAPP statute applies and that plaintiff is unable to establish a reasonable probability of success before awarding fees where an action has been voluntarily dismissed. 81 Cal. Rptr. 2d 807, 812 (Ct. App. 1998). On the other hand, *Coltrain* applies a presumption that the party that filed the anti-SLAPP motion is the prevailing party and gives the opposing party an opportunity to rebut the presumption by

showing that it "substantially achieved its goals through a settlement or other means, . . . or for other reasons unrelated to the probability of success on the merits." 77 Cal. Rptr. 2d at 608.

Applying *Coltrain*, the Court considered Plaintiff's arguments that the Attorney Defendants failed on the merits of their anti-SLAPP motions and ruled that Plaintiff failed to rebut the presumption that the Attorney Defendants were the prevailing parties by showing that her voluntary dismissal was the result of realizing her objectives in the litigation. ECF No. 111 at 46-48.[4]

In opposing the Attorney Defendants' motions for attorneys' fees [ECF Nos. 48, 54], Plaintiff argued that (1) the motion for attorney fees should be denied as untimely; (2) that Attorney Defendants could not make a prima facie case in their anti-SLAPP motions to strike because they failed to allege matters of public significance or in connection with a public issue; and (3) the challenged subject of the Attorney Defendants' anti-SLAPP motions did not arise from the right to free speech or the right to petition. ECF No. 78-1 at 2-3. In the instant Motion, Plaintiff similarly argues that the Court failed to analyze whether the Attorney Defendants' anti-SLAPP motions were protected under the statute. ECF No. 177-2.

The Court will not reconsider arguments and law that were previously ruled upon by the Court. Plaintiff has not argued that there has been an intervening change of controlling law or that there is newly available evidence. Instead, she appears to argue that the Court's application of the *Coltrain* approach—under which the Attorney Defendants are presumed

---

[4] Plaintiff also appears to contend that the Attorney Defendants should not be awarded fees even under *Coltrain* because her dismissal was either a reason "unrelated to the probability of success on the merits" or because the Court "did not give a concurring opinion when [District Judge Sammartino] acknowledged the dismissal without prejudice and dismissed the anti-SLAPP motions as moot." ECF No. 177-2 at 10. The Court previously considered the circumstances of dismissal and concluded that they supported rather than detracted from its decision to award fees to the Attorney Defendants. ECF No. 111 at 48.

to be prevailing parties—is a clear error and that the Court should assess the merits of the anti-SLAPP motions to strike under the approach set out in *Liu*. However, Plaintiff has presented neither binding authority nor compelling argument that this Court must take the approach in *Liu* rather than in *Coltrain*, and therefore the Court cannot find that there is clear error.

## V.   CONCLUSION

For the reasons stated above, the Court:

1.   **DENIES** Plaintiff's Motion to Vacate or Reconsider [ECF No. 177]; and

2.   **DENIES AS MOOT** Plaintiff's Amended Request for Clarification [ECF No. 193].

**IT IS SO ORDERED**.

Dated:  September 30, 2022

_____

Honorable Linda Lopez
United States District Judge

10

19cv605-LL-AHG