UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>                          Plaintiff,<br><br>v.<br><br>MARY E. SHERMAN, et al.<br><br>                         Defendants. | Case No.: 19cv605-LL-AHG<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT AND DENYING MOTION TO WITHDRAW AMENDED COMPLAINT**<br><br>**[ECF Nos. 238, 239, 240, 241, 242, 257, 258]** |

      This matter is before the Court on the following motions: (1) the Motions to Dismiss filed by (a) Defendants Mary E. Sherman and Jeffrey M. Sherman in all capacities ("the Sherman Defendants") ("Sherman Motion") [ECF No. 239]; (b) Defendant Diane Dennis ("Dennis Motion") [ECF No. 240]; (c) Defendants Linda R. Kramer and Erik Von Pressintin Hunsaker in all capacities ("Kramer Motion") [ECF No. 241]; and (d) Defendant Silver Strand Plaza, LLC ("SSP") ("SSP Motion") [ECF No. 242]; (2) Plaintiff Laura Lynn Hammett's Motion to Withdraw Third Amended Complaint ("Motion to Withdraw") [ECF No. 257]; and (3) Plaintiff's Amended Motion to Withdraw Third Amended Complaint ("Amended Motion to Withdraw") [ECF No. 258]. The Court finds the above matters suitable for determination on the papers and without oral argument pursuant to Federal

Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **DENIES** the Sherman Motion, **GRANTS** the remaining Motions to Dismiss [ECF Nos. 240, 241, 242] and **DENIES** the Motion to Withdraw and Amended Motion to Withdraw [ECF Nos. 257-58] for the reasons discussed below.

# I. MOTIONS TO DISMISS

## A. Background

The Court incorporates the facts of this case as recited in its previous orders. *See* ECF Nos. 111, 238. Briefly, this case revolves around disputes about the management of SSP, a California limited liability company of which Plaintiff and the Defendants are members. *Id.* ¶¶ 15-29. As relevant to the instant Motions to Dismiss, SSP's members entered into an operating agreement ("Operating Agreement") in 2009, which Plaintiff incorporated into the TAC by reference. *Id.* ¶ 48; ECF No. 238-1. Silver Strand Plaza, a multi-tenant retail shopping center located in Imperial Beach California, was SSP's "principal asset" and was sold in 2017. ECF No. 238 ¶ 17. This action arises from events following the sale of Silver Strand Plaza and from disputes between Plaintiff, and the Defendants, who are Plaintiff's sisters and extended family members with ownership interests in SSP.

### 1. Plaintiff's Original and First Amended Complaint

Plaintiff's original complaint, filed on April 2, 2019, brought the following four causes of action against the Mary Sherman in her individual and other capacities (including as trustee of the "Grandchildren Trusts"), Kramer, Dennis, and SSP for: (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) defamation per se; and (4) conversion. ECF No. 1. On May 29, 2019, Plaintiff filed a first amended complaint ("FAC") which added Jeffrey Sherman as co-trustee of the J&M Sherman Family Trust; Kramer and Erik Hunsaker as co-trustees of the Lynn and Erik's Trust (the "J&M Trust Defendants"); Ellis Stern, Alan Goldberg, Stern and Goldberg (together, the "S&G Defendants"); and Patrick McGarrigle, McGarrigle, Kenney & Zampiello (together, the

"MKZ Defendants") (the S&G Defendants and MKZ Defendants are together referred to as the "Attorney Defendants"). ECF No 3. The FAC asserted the following causes of action: (1) breach of fiduciary duty against all defendants other than SSP, the Attorney Defendants, and Sherman in her capacity as manager of SSP; (2) aiding and abetting breach of fiduciary duty; (3) defamation per se against Sherman and Dennis; (4) civil conspiracy to defame against Sherman and Dennis; (5) conversion against all defendants; and (6) legal malpractice against the Attorney Defendants. *See* ECF No. 3. On August 20, 2019, Plaintiff voluntarily dismissed the entire action as to the Attorney Defendants, leaving five causes of action for the Court to consider. ECF No. 38.

On March 23, 2020, the Court—ruling on four separate motions to dismiss by defendants [ECF Nos. 18, 19, 37, 40]—dismissed all claims in the FAC, noting the specific deficiencies to each claim as to each Defendant, and granting Plaintiff leave to file an amended complaint. ECF No. 111 at 15-40, 54. In its analysis of SSP's motion to dismiss the FAC, the Court considered SSP's challenge to Plaintiff's demand for an accounting. *Id.* at 34-35.

### 2. Second Amended Complaint

After receiving a three-month continuance of her deadline to file a second amended complaint [ECF No. 132], Plaintiff timely filed her second amended complaint ("SAC") on August 7, 2020. ECF No. 145. The SAC asserted the following causes of action: (1) fraud; (2) fraudulent conveyance; (3) dissolution; (4) appointment of receiver; (5) accounting; (6) constructive trust; (7) conversion; (8) breach of fiduciary duty against Sherman in her capacity as manager and against SSP; (9) breach of fiduciary duty against all member defendants, alternatively breach of the covenant of good faith and fair dealing; (10) aiding and abetting breach of fiduciary duty; (11) defamation per se or per quod against Sherman in her capacity as manager and as trustee of the Grandchildren Trusts, and the J&M Trust Defendants; (12) false light invasion of privacy against Sherman in her capacity as manager and as trustee of the Grandchildren Trusts, and the J&M Trust

Defendants; (13) defamation per se or per quod against Dennis; (14) false light invasion of privacy against Dennis; and (15) unjust enrichment against all Defendants. *See id.*

On October 7, 2021, the Court—again ruling on four separate motions to dismiss by Defendants [ECF Nos. 162, 164, 166, 167]—dismissed all claims in the SAC, noting the specific deficiencies to each claim as to each Defendants, and granted Plaintiff leave to file an amended complaint. ECF No. 237. In its analysis of Defendant Dennis's motion to dismiss the SAC, the Court considered Plaintiff's claim for judicial dissolution. *Id.* at 10-11.

**B.     Plaintiff's Third Amended Complaint**

Plaintiff's TAC states two causes of action: (1) specific performance of Plaintiff's right to inspect company records and (2) dissolution of SSP. ECF No. 238 ¶¶ 341-374. She seeks declaratory and injunctive relief from this Court for an inspection of financial records of SSP since 2013, dissolution of SSP, as well as costs and attorney's fees. *Id.* Plaintiff notes that while she retains most of the allegations from her SAC, the TAC "limit[s] the causes of action to a request for declaratory relief." ECF No. 238 ¶ 1. Yet, Plaintiff also states in her response to the Motions to Dismiss that she "retained facts from the SAC because she anticipates she will be able to withstand a MTD on some other causes of action after finally being given access to the complete records since 2013" and that she "believes she has enough evidence of fraud and breach of fiduciary duty to withstand dismissal on 'Iqbal/Twombly[.]'" ECF No. 247 at 7.

Only the claims alleged in her TAC are before this Court. *See* S.D. Cal. CivLR 15.1.a ("Every pleading to which an amendment . . . has been allowed by court order, must be complete in itself without reference to the superseded pleading."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered waived if not repled). As such, to the extent that Plaintiff "believes the Court overlooked or played down in its Order Granting the

Motion To Dismiss" certain "[i]mportant facts" [ECF No. 238 ¶ 1], the Court notes that Plaintiff did not file a motion for reconsideration of the Court's prior order dismissing the SAC, the time to file a motion for reconsideration has passed, S.D. Cal. CivLR 7.1.i, and the Court has no basis to consider Plaintiff's prior arguments related to Plaintiff's previously dismissed causes of action.[1] Similarly, in her opposition to the Motions to Dismiss, Plaintiff asks this Court to "make the simple change in form, calling this a breach of contact and asking for specific performance of the right to inspect the books and records and mandate to dissolve remedies." ECF No. 247 at 5. However, the Court "*may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).[2] Accordingly, the Court does not consider any of Plaintiff's arguments regarding causes of actions not pleaded in the TAC.

### C. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of establishing that this Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Challenges to subject matter jurisdiction may be facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). Facial

---

[1] "It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Because this Court's authority in this case is premised on diversity jurisdiction [ECF No. 238 ¶ 41], the Court applies the relevant state law to substantive issues, and federal law to procedural issues. *See Cnty. of Orange v. United States Dist. Ct.*, 784 F.3d 520, 524 (9th Cir. 2015).

[2] Consideration of Plaintiff's cause of action for breach of contract asserted for the first time in opposition to the motions to dismiss would plainly contradict the minimal notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

challenges assert that the allegations are insufficient to invoke federal jurisdiction, while factual challenges dispute the truth of legally sufficient allegations. *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In a facial challenge, the Court accepts a plaintiff's allegations as true and draws all reasonable inferences in their favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (noting that facial attacks are resolved using the same standard as a Rule 12(b)(6) motion to dismiss).

If the Court has jurisdiction to address the merits, a complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Nonetheless, courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Courts may, but are not required, to consider extrinsic evidence in the context of a Rule 12(b)(6) motion to dismiss. *Davis v. HSBC Bank*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (collecting cases) (noting that documents may be incorporated by reference or taken under judicial notice).

\\\
\\\
\\\

### D. Discussion

#### 1. Subject Matter Jurisdiction – Amount in Controversy

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted); *see also Lake v. Ohana Military Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021) ("Removal and subject matter jurisdiction statutes are strictly construed."). When a case is originally filed in federal court, "the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986)). And "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). To justify dismissal of a claim originally filed in federal court on the basis that the alleged amount in controversy is insufficient to confer jurisdiction, the Court applies the "legal certainty" test, which requires that it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing *Crum*, 231 F.3d at 1131; *St. Paul Mercury Indem. Co.*, 303 U.S. at 292).

The Sherman Motion argues that Plaintiff's TAC should be dismissed for lack of subject matter jurisdiction because "Plaintiff has no monetary demand, and although diversity of citizenship may exist, Plaintiff has not satisfied the $75,000 amount in controversy requirement." ECF No. 239-1 at 2. More specifically, the Sherman Motion asserts that the TAC does not include any claim for monetary relief, and that "the very nature of the two remaining causes of action—inspection of books and records and the dissolution of SSP—do not result in any monetary payment to Plaintiff." *Id.* at 4. The Sherman Defendants additionally argue that value of recovery from Plaintiff's stated

causes of actions could be no more than the alleged amount of the distribution of Plaintiff's capital account, which is less than the $75,000 threshold for diversity jurisdiction. *Id.* at 5.

Plaintiff responds that she "believes that amount in dispute still exceeds $75,000" and that "[i]f the amount in dispute only includes the stated capital in Plaintiff's capital account and that amount has fallen below $75,000, the Plaintiff's costs and attorney fees thus far should be added." ECF No. 247 at 11. Plaintiff argues that *Barefield v. HSBC Holdings PLC*, 356 F. Supp. 3d 977 (E.D. Cal. 2018), supports the retention of jurisdiction over her claims even "if the claims are narrowed to those with damages less than $75,000." *Id.* at 10. Plaintiff further asserts that she has paid $11,000 in attorney's fees to date and incurred costs of more than $1,000. ECF No. 247 at 7.

The Sherman Defendants argue in response that *Barefield* is inapposite because it addresses a case that was removed from state court rather than being filed in federal court. ECF No. 254 at 3. They further assert that the amount in controversy must be exclusive of interests as costs under 28 U.S.C. § 1332(a), and that her claim for attorney's fees cannot be included in the amount in controversy. *Id.* at 3-4.

The amount in controversy calculation may include "damages, costs of compliance with injunctions, [] attorneys' fees awarded under contract or fee shifting statutes . . . [and] future attorneys' fees recoverable by statute or contract[.]" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Furthermore, a complaint seeking only declaratory or injunctive relief may meet the amount in controversy requirement by alleging that the value of the litigation reaches the $75,000 threshold. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"). "The amount in controversy is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976).

Plaintiff has not cited any legal authority that her costs and fees are recoverable under contract or statute. Therefore, the Court proceeds to consider whether the alleged

claims meet the amount in controversy requirement exclusive of attorney's fees and costs. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("Pro se plaintiffs . . . are not entitled to attorney's fees") (citation omitted).

Plaintiff asserts, and the Sherman defendants concede, that the face of that TAC alleges that dissolution of SSP would result in a distribution of at least $70,000 from Plaintiff's capital account. *See* ECF Nos. 238 ¶ 200; 239-1 at 5. Plaintiff further alleges that although the number is likely to have diminished, in 2017, the amount in Plaintiff's capital account in SSP was $78,489. *Id.* ¶ 360. Furthermore, while Plaintiff concedes that she does not know the total assets and liabilities of SSP, she asserts that SSP's assets include at least one commercial property and that she is entitled to $100,000 that may be shown by a "true and full accounting" of "Plaintiff's share of the capital and net profits" of SSP, and that upon dissolution of SSP, she is entitled to her "fair share of the account balances." *Id.* ¶¶ 192, 200, 201, 204. Defendants do not refute that the Operating Agreement provides for a distribution of assets after the dissolution of SSP or that SSP holds other assets, not have they provided this Court with reason to believe that dissolution of SSP would result in a sum less than the amount in controversy being distributed to Plaintiff under the Operating Agreement. Because it does not appear to a legal certainty that the value of the action would be less than the jurisdictional amount in controversy, the Court cannot find that it lacks subject matter jurisdiction in this action on that basis. *Geographic Expeditions*, 599 F.3d at 1106. Accordingly, the Sherman Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

### 2. Dissolution of SSP

Defendants jointly argue that judicial dissolution of SSP is not warranted under the Operating Agreement because Plaintiff has failed to allege that all members of the partnership have agreed to dissolution in writing or that SSP has sold all or substantially all of its assets, the two conditions for dissolution provided by the Operating Agreement. *See* ECF Nos. 240-1 at 2-4; 241-1 at 3-4; 242 at 5-6; 252 at 1-2; 253 at 1-2; 255 at 3-4.

Plaintiff asserts that the Operating Agreement reflects that Silver Strand Plaza would be the sole property of SSP and that all other property of SSP is incidental. ECF No. 238 ¶ 6. Plaintiff further asserts that, the sale of Silver Strand Plaza "should have triggered the dissolution of SSP." *Id.* ¶ 203. Plaintiff also states that she "desires the sale of all or substantially all of the assets of SSP and distributions made according to the percentage owned by each shareholder" [*Id.* ¶ 363] and further submits that she "is now seeking the sale of what remains of [SSP]" [ECF No. 247 at 3]. Plaintiff contends that section 1.4 of the Operating Agreement forbids SSP from purchasing other property. ECF No. 247 at 4. However, Plaintiff alleges that, while she does not know the exact extent of SSP's assets, she believes that it continues to hold real estate and other capital. ECF No. 238 ¶¶ 181-201.

In relevant parts, the Operating Agreement sets out that:

> 1.4   Purpose. The purposes of the Company shall be to acquire, develop, own, lease and manage real estate, and to engage in related or incidental activities, including owning interests in other entities that either directly or indirectly engage in such activities. Notwithstanding the foregoing, the purpose of the Company shall be limited to those activities that are permitted by the Articles of Organization (as amended from time to time). The Company's primary activities will be limited to owning, leasing and managing the retail shopping center known as Silver Strand Plaza, which is located at 600 Palm Avenue, Imperial Beach, California 91932 (the "Property").
>
> 1.5   Term. The term of the Company . . . shall continue until dissolved, liquidated and terminated pursuant to the provisions of Article VIII.
>
> ARTICLE VIII - Dissolution
>
> 8.2   The Company shall be dissolved upon the first to occur of the following events:
>
> (a) The sale of all or substantially all of the Company assets . . .
> (b) The written consent of all of the Members.

ECF No. 238-1 at 6, 16, 17.

As pointed out in Defendants' pending Motions to Dismiss, the Court's prior order dismissing Plaintiff's SAC specifically addressed Plaintiff's nearly identical argument requesting judicial dissolution of SSP. ECF No. 237 at 10-11. The Court found that neither of the two conditions required for dissolution of SSP, as defined by the Operating Agreement, had occurred, and that Plaintiff's own statements contradicted the notion that "all or substantially all" of SSP's assets have been sold. *Id.* at 11. Examining Plaintiff's renewed allegations that dissolution is required by the Operating Agreement, the Court again finds that there is no basis for her claim that section 1.4 limits SSP's activities solely to ownership of Silver Strand Plaza, or that all or substantially all of SSP's assets have been sold. The phrasing of "primary" as used in the Operating Agreement, and "principal" as referenced in Plaintiff's TAC do not imply exclusivity, and the plain language of section 1.4 indicates that SSP's activities may include acquiring, developing, owning, leasing and managing real estate, and to engage in related or incidental activities. As before, the Court finds that Plaintiff's allegations that SSP continues to hold various assets contradicts the assertion that sale of Silver Strand Plaza constitutes the sale of "all or substantially all" of SSP's assets as required for section 8.2 to apply. Accordingly, the Court **GRANTS** the pending Motions to Dismiss with respect to Plaintiff's claim for judicial dissolution. ECF Nos. 240; 241; 242.

### 3. Specific Performance

Defendant SSP argues that Plaintiff's claim for specific performance in the form of inspecting SSP's books and records should be denied because specific performance is an equitable remedy rather than a cause of action. ECF No. 242 at 3.[3] SSP further argues that Plaintiff may have properly brought a cause of action for inspection of a limited liability company's records under California Corporations Code section 17704.10, and that

---

[3] SSP's Motion to Dismiss was joined by Dennis [ECF No. 244], the Shermans [ECF No. 245], as well as Kramer and Hunsaker [ECF No. 246].

Plaintiff's allegations fail to show that she met the requirements to assert enforcement of an accounting under that statute. *Id.* at 4-5.

"[U]nder California law, specific performance is a remedy for breach of contract, not an independent claim." *Griffin v. Green Tree Serv., LLC*, 166 F. Supp. 3d 1030, 1055 (C.D. Cal. 2015); *see also Wong v. Tai Jing*, 117 Cal. Rptr. 3d 747, 755 n.2 (Ct. App. 2010) ("specific performance and injunctive relief are equitable remedies and not causes of action for injuries."). More specifically, "[a]n accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1207 (E.D. Cal. 2013) (citing *Civic Western Corp. v. Zila Indus., Inc.*, 135 Cal. Rptr. 915, 923 (Ct. App. 1977)). Moreover, as explained in this Court's prior order, "[a] right to an accounting is derivative; it must be based on other claims." *Janis v. Cal. State. Lottery Comm'n*, 80 Cal. Rptr. 2d 549, 554 (1998) (citing *Union Bank v. Superior Ct.*, 37 Cal. Rptr. 2d 653, 666 (1995)); *see* ECF No. 111 at 34-35.

Plaintiff admits in her opposition that specific performance is a remedy rather than a cause of action. ECF No. 247 at 4. Additionally, as with Plaintiff's claim for dissolution of SSP, the Court previously considered and dismissed Plaintiff's arguments with respect to an accounting. *See* ECF No. 111 at 34-35. The Court noted that because a cause of action for accounting was a claim that must be based on other claims, it could not be sustained without another cause of action against SSP. *Id.* at 34. Plaintiff's TAC brings only one other claim for judicial dissolution, which this Court has now dismissed as articulated above. As such, Plaintiff's request for accounting cannot be sustained. Although Plaintiff makes several conclusory allegations in her opposition that SSP failed to comply with section 11704.10 of the California Corporations Code [ECF No. 247 at 5-6], no cause of action for breach of that section is before this Court. Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss with respect to Plaintiff's claim for specific performance of right to inspect company records. ECF Nos. 240; 241; 242.

### E. Leave to Amend

Although requests for leave to amend are generally granted with "extreme liberality," the Court considers the factors laid out in *Foman v. Davis*, 371 U.S. 178, 182 (1962) when considering whether to grant leave to amend: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). "Of the *Foman* factors, prejudice to the opposing party carries the most weight." *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court has "particularly broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).

Plaintiff requests that the Court grant her leave to amend her complaint in order to: (1) rephrase her argument that she believes that sale of the Silver Strand Plaza constitutes the sale of all or substantially all of SSP's assets and seeks the sale of SSP's remaining assets as well as its dissolution [ECF No. 247 at 3]; and (2) to ask for an opportunity to further supplement her allegations regarding breach of contract [*Id.* at 9].

Defendants oppose granting Plaintiff leave to amend her complaint for reasons of judicial economy, and because Plaintiff has repeatedly failed to cure deficiencies despite multiple chances to amend, further leave would be futile, and continued litigation on Plaintiff's claims would prejudice Defendants. *See* ECF Nos. 239-1 at 5; 240-1 at 5-6; 241-1 at 6; 242 at 11; 252 at 2-4; 253 at 2; 254 at 4; 255 at 4.

As articulated in the Court's discussion of the causes of action asserted in Plaintiff's TAC, Plaintiff has repeatedly failed to address deficiencies which were addressed by this Court's prior orders granting leave to amend her complaint. Plaintiff even states that the

TAC is substantially similar to the SAC,[4] and the Court's review of the TAC reveals that to be an accurate admission. The reasoning put forth by Plaintiff in support of her request for leave to amend her complaint further reinforces her failure to cure deficiencies in her complaint despite prior opportunities to amend. Plaintiff's proposed restatement does not cure the Court's finding that she has failed to allege sufficient facts to show that the sale of Silver Strand Plaza constitutes the sale of all or substantially all of SSP, especially in light of Plaintiff's assertions that SSP continues to hold assets in the form of capital and real estate. *See* ECF No. 238 at ¶¶ 181-201. In a similar vein, Plaintiff's conclusory assertion that the allegations of the TAC "prove a breach of at least two provisions of the [Operating Agreement]" belie this Court's previous analysis of her claims against SSP and findings that Plaintiff's allegations could not sustain either a direct or derivative suit against SSP. *See* ECF Nos. 111 at 28-34; 238 at 22-24 (noting that Plaintiff re-asserted the same argument that the Court had already considered and rejected). Accordingly, the Court finds that further leave to amend would be futile, given Plaintiff's inability to cure her deficient allegations and previously identified. Furthermore, the Court finds that Defendants would be unduly prejudiced if they are compelled to continue to litigate this action in light of Plaintiff's repeated failures to bring plausible claims for relief. Accordingly, Plaintiff's request for leave to amend her complaint is **DENIED** for failure to cure deficiencies by previous amendment, futility, and undue prejudice to the Defendants.

\\\
\\\
\\\
\\\

---

[4] *See* ECF No. 238 ¶ 1 ("This Third Amended Complaint leave most of the Second Amended Complaint Allegations intact, while limiting the causes of action to a request for declaratory relief. . . ").

## II. AMENDED MOTION TO WITHDRAW[5]

Plaintiff requests that the Court grant her leave to withdraw her TAC "to allow for a final appealable order based on the Second Amended Complaint." ECF No. 258 at 1. Plaintiff provides no legal basis in support of her request other than *Tunstall v. Bick*, a case which is not binding on this Court. No. 2:16-cv-2604-KJM-DMC-P, 2021 WL 4951722, at *1-2 (E.D. Cal. Oct. 25, 2021). Plaintiff also states that "she believes she should have been allowed to proceed to discovery on the Second Amended Complaint," "that the Appellate Court will reverse and remand at least some of her claims based on the Second Amended Complaint," and that she "will file a new complaint in State Court based on breach of contract after the second amended complaint was filed[.]" ECF No. 258 at 2.

In *Tunstall,* the court granted a pro se plaintiff's motion to withdraw his fourth amended complaint and proceed on his third amended complaint where the fourth amended complaint failed to address deficiencies previously identified by the court and the third amended complaint had stated several cognizable claims. 2021 WL 4951722, at *1-2. In that case, the court had granted the plaintiff leave to amend after its own sua sponte screening of the complaint under 28 U.S.C. § 1915A and without dismissing the claims brought in the third amended complaint. *See generally Tunstall v. Bick*, No. 2:16-cv-2604-KJM-DMC-P, 2019 WL 4392414 (E.D. Cal. Sept. 13, 2019). After allowing the plaintiff to proceed on his third amended complaint, the court immediately dismissed the claims and defendants to which it had previously found the third amended complaint was deficient. *Tunstall v. Bick*, No. 2:16-cv-2604-KJM-DMC-P, 2022 WL 493117, at *1 (E.D. Cal. Feb. 17, 2022).

Plaintiff's reliance on *Tunstall* is unavailing. Unlike in *Tunstall*, this Court considered motions to dismiss submitted by various defendants, assessed Plaintiff's claims

---

[5] The Court evaluates Plaintiff's Motion to Withdraw only on the Amended Motion to Withdraw, which states that it "was amended to include a hearing date" and "corrected to include reference to all papers filed in the case." ECF No. 258 at 2.

as asserted in the SAC, and explicitly dismissed all of Plaintiff's claims. As discussed in the preceding sections, although Plaintiff's TAC failed to address the deficiencies of her SAC as identified by the Court, similar to the fourth amended complaint in *Tunstall*, the circumstances in this case are distinguishable because the Court actually dismissed Plaintiff's prior claims, finding that Plaintiff had not stated any cognizable claims. To the extent that Plaintiff wishes to appeal the Court's earlier order dismissing her SAC, such disposition is not supported by the case law. *See Weston Family P'ship LLLP v. Twitter*, 29 F.4th 611, 618 (9th Cir. 2022) (explaining that a plaintiff who has been given leave to amend must obtain a further district court determination, in the form of a final order, dismissing the case in order to appeal); *WMX Techs. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) ("[W]hen a district court expressly grants leave to amend, it is plain that the order is not final. Something more is both anticipated and required.").

Accordingly, Plaintiff's Amended Motion to Withdraw [ECF No. 258] is **DENIED** and her initial Motion to Withdraw [ECF No. 257] is therefore **DENIED AS MOOT**. As this Order dismisses Plaintiff's remaining causes of action without leave to amend, Plaintiff may appeal this Order when a final judgment issues.

### III.  CONCLUSION

In accordance with the above, the Court hereby:

1.  **DENIES** the Sherman Defendants' Motion to Dismiss for lack of subject matter jurisdiction [ECF No. 239];

2.  **GRANTS** the Motions to Dismiss of Defendants Diane Dennis [ECF No. 240]; Defendants Linda R. Kramer and Erik Hunsaker [ECF No. 241]; and Defendant Silver Strange Plaza, LLC [ECF No. 242];

3.  **DENIES** Plaintiff Laura Lynn Hammett's Amended Motion to Withdraw Third Amended Complaint [ECF No. 258];

4.  **DENIES AS MOOT** Plaintiff Laura Lynn Hammett's Motion to Withdraw Third Amended Complaint [ECF No. 257];

1 | 5. **DISMISSES WITH PREJUDICE** Plaintiff's Third Amended Complaint
2 | [ECF No. 238]; and
3 | 6. **DENIES** leave to amend the Third Amended Complaint.
4 | 7. The Clerk of Court is **DIRECTED** to close this case.
5 | **IT IS SO ORDERED.**
6 | Dated: September 30, 2022

Honorable Linda Lopez
United States District Judge