UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>                          Plaintiff,<br>v.<br><br>MARY E. SHERMAN, et al.<br><br>                        Defendants. | Case No.: 19cv605-LL-AHG<br><br>**ORDER DENYING EX PARTE MOTION TO STRIKE MOTIONS FOR ATTORNEYS' FEES**<br><br>**[ECF No. 282]** |

      This matter is before the Court on Plaintiff Laura Lynn Hammett's ex parte Motion to Strike the Motions for Attorneys' Fees filed by Defendants Ellis Roy Stern, Alan N. Goldberg, Stern and Goldberg (together, the "S&G Defendants"), and Defendants Patrick C. McGarrigle and McGarrigle, Kenney & Zampiello (together, the "MKZ Defendants") (collectively the "Attorney Defendants"), filed on November 15, 2022. ECF No. 282. The Attorney Defendants filed their opposition to Plaintiff's ex parte Motion on the same date. ECF No. 283. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **DENIES** Plaintiff's Motion to Strike for the reasons stated below.

## I. PROCEDURAL BACKGROUND

The pending motions for attorneys' fees by the MKZ Defendants [ECF No. 270] and the S&G Defendants [ECF No. 271] (together, the "fee motions") were filed following: (1) the undersigned's September 30, 2022 order [ECF No. 266] denying Plaintiff's motion to vacate or reconsider District Judge Janis L. Sammartino's March 23, 2020 order [ECF No. 111] granting the fee motions of the attorney defendants; and (2) the undersigned's September 30, 2022 order [ECF No. 267] granting the S&G Defendants' ex parte motion to file a combined motion for attorneys' fees. The underlying order awarding attorneys' fees stems from the Court's determination that the Attorney Defendants were prevailing parties under California's anti-strategic lawsuit against public participation ("anti-SLAPP") statute. ECF No. 111. The Court adopts the summary of the relevant procedural history as stated in its prior order denying reconsideration of that order. ECF No. 266 at 2.

## II. DISCUSSION

Plaintiff argues that the fee motions of the MKZ Defendants [ECF No. 270] and the S&G Defendants [ECF No. 271] should be stricken for failure to combine their motions pursuant to Rule 3(D) of the undersigned's Civil Chambers Rules.[1] ECF No. 282. Specifically, Plaintiff asserts that the "argument and relief requested in both motions are substantially the same" noting that both motions state that Plaintiff's claims were clearly barred by California anti-SLAPP statute and that an attorney fee award is mandatory for reasonable fees incurred in prevailing on the anti-SLAPP motion. *Id.* at 2. Plaintiff further states that she "is not willing to do the extra work to graciously forgive the licensed attorneys' error and is asking instead that the motions be struck." *Id.* at 4.

---

[1] Plaintiff also calls attention to an electronic notification issue which prevented her from receiving prompt notice of the fee motions. ECF No. 282 at 2. The Court is satisfied that Plaintiff has resolved the notification issue and has received courtesy copies of the fee motions as she states in the instant Motion. The Court is further satisfied that Plaintiff has had time to review and respond to the fee motions given that the Court granted the parties' joint motion to extend Plaintiff's time to respond to the fee motions. ECF No. 277.

In response, the Attorney Defendants assert that Rule 3(D) does not apply to the fee motions because "[w]hile some of the legal authority supporting entitlement to attorney fees and costs is the same or similar in defendants' motions, the substantive issues, requested relief, and analysis for S&G Defendants and MKZ Defendants is different." ECF No. 283 at 3. They submit that the analysis of the reasonableness of fees requested is different because they "were each represented by different counsel and incurred different fees for different work[,]" which is further highlighted by the inclusion of fees incurred on appeal in the S&G Defendants' motion, which was explicitly authorized by the Court. *Id.* The Attorney Defendants additionally note that to the extent the fee motions are based on similar legal authority, they are scheduled for hearing on the same date, and the Attorney Defendants stipulated to a continuation of both hearing dates at Plaintiff's request. *Id.*

The Court agrees with the reasoning put forth by the Attorney Defendants. Both fee motions are brought pursuant to section 425.16(c)(1) of the California Code of Civil Procedure under which "a prevailing party on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CAL. CODE CIV. PROC. § 425.16(c)(1). Under that section, an award of attorneys' fees and costs is mandatory, and "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." *Ketchum v. Moses*, 24 Cal. 1122, 1141 (2001). The anti-SLAPP statute's fee award is "designed to 'reimburse the prevailing defendant for expenses incurred *in extracting* herself from a baseless lawsuit' rather than to reimburse the defendant for all expenses incurred *in* the baseless lawsuit." *569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 433 (2016) (quoting *Wanland v. Law Offs. of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22 (2006)). Ultimately, while the award of fees is mandatory, "the Court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant." *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) (citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 785 (1996)).

This Court's prior orders already determined that the S&G Defendants and MKZ Defendants were prevailing parties, based on the Court's analysis under *Coltrain v. Shewalter*, 66 Cal. App. 4th 94 (1998), and awarded fees to the Attorney Defendants for expenses incurred up to the Court's initial order granting fees. *See* ECF Nos. 111 at 48; 266 at 9-10. In other words, the substance of the present fee motions is not whether Plaintiff's claims against the Attorney Defendants was barred by the anti-SLAPP statute or whether an award of fees is mandatory under that statute, but whether the fees sought by the Attorney Defendants is reasonable. As such, Plaintiff's contention that the fee motions are substantially similar and warrant consolidated briefing is incorrect. Each of the fee motions is supported by different evidence and declarations because the S&G Defendants and MKZ Defendants were represented by different attorneys who performed different work. *See* ECF Nos. 270, 271. Accordingly, this Court's analysis of whether the Attorney Defendants' respective fee motions are reasonable is separate, and consolidated briefing is not required by the undersigned's chambers rules in this instance.

Additionally, Plaintiff's contention that requiring her to respond to separate fee motions would prevent her from economizing on responses and cause her to do extra work are belied by her own assertion that "her response to the S & G motion will be exactly what she wrote in opposition to MKZ, just changing the names." ECF No. 282 at 2.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Ex Parte Motion to Strike Attorney Defendants' Motions for Attorney Fees Set for Hearing on December 2, 2022 is **DENIED**. ECF No. 282.

**IT IS SO ORDERED**.

Dated:  November 17, 2022

_____
Honorable Linda Lopez
United States District Judge