UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>                                  Plaintiff,<br>v.<br><br>MARY E. SHERMAN, et al.<br>                                 Defendants. | Case No.: 19cv605-LL-AHG<br><br>**ORDER DENYING MOTIONS FOR ATTORNEYS' FEES**<br><br>**[ECF Nos. 270, 271]** |

This matter is before the Court on the Motions for Attorneys' Fees filed by Defendants Patrick C. McGarrigle and McGarrigle, Kenney & Zampiello (together, the "MKZ Defendants") (the "MKZ Fee Motion") [ECF No. 270], and by Defendants Ellis Roy Stern, Alan N. Goldberg, Stern and Goldberg (together, the "S&G Defendants") (the "S&G Fee Motion") [ECF No. 271] (collectively, the "Attorney Defendants" and the "Fee Motions"). Plaintiff Laura Lynn Hammett filed an opposition to the MKZ Fee Motion [ECF No. 285], an opposition to the S&G Fee Motion [ECF No. 286], and both the MKZ Defendants [ECF No. 288] and S&G Defendants [ECF No. 287] filed replies to Plaintiff's oppositions. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **DENIES** the Fee Motions **WITHOUT PREJUDICE** for reasons stated below.

1

## I. BACKGROUND

Plaintiff originally brought claims for conversion and legal malpractice against the Attorney Defendants in her first amended complaint ("FAC"). ECF No. 3 ¶¶ 264-303. The Attorney Defendants filed special motions to strike or dismiss the claims against them in Plaintiff's FAC based on California's anti-strategic lawsuit against public participation ("anti-SLAPP") statute [ECF Nos. 20, 21], and Plaintiff voluntarily dismissed her claims against the Attorney Defendants under Rule 41(a)(1)(A)(i) [ECF No. 38]. The Court dismissed the special motions to strike as moot [ECF No. 39], determined that the Attorney Defendants were prevailing parties under the anti-SLAPP statute [ECF No. 111 at 46-48], and awarded attorneys' fees to the Attorney Defendants [*id.* at 49, 52]. Plaintiff unsuccessfully appealed the attorney fee award [ECF Nos. 135, 144] and this Court denied her motion for reconsideration of the fee order [ECF Nos. 177, 266]. Subsequently, the Court granted the S&G Defendants' ex parte motion to file a combined motion for attorneys' fees [ECF No. 267], and the Attorney Defendants then filed the instant Fee Motions [ECF Nos. 270, 271]. Plaintiff moved to strike the Fee Motions for failure to consolidate briefing according to the undersigned's Civil Chambers Rules [ECF No. 282], which the Court denied as incorrect [ECF No. 284]. Plaintiff's appeal of the order granting attorneys' fees and the motion for reconsideration affirming that order is currently pending. *See* ECF No. 273.

## II. LEGAL STANDARD

California's anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code. § 425.16(c)(1); *see also Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."). The fee provision of the anti-SLAPP statute includes compensation for "'all hours reasonably spent, including those necessary to establish and defend the fee claim.'" *Ketchum*, 17 P.3d at 748 (quoting *Serrano v. Unruh*, 652 P.2d 985, 997 (Cal. 1982)). In other words, the provision is broadly construed as to effectuate the legislative

purpose of compensating defendants for the expense of responding and extracting themselves from a SLAPP suit. *See Wanland v. Law Ofcs. of Mastagni, Holstedt & Chiurazzi*, 45 Cal. Rptr. 3d 633, 637 (Ct. App. 2006) (citing *Wilkerson v. Sullivan*, 121 Cal. Rptr. 2d 275, 277 (Ct. App. 2002)). As such, section 425.16(c) has been interpreted to include expenses incurred in litigating an award of attorney fees, *Ketchum*, 17 P.3d at 747, in litigating an appeal, *Morrow v. Los Angeles Unified Sch. Dist.*, 57 Cal. Rptr. 3d 885, 902 (Ct. App. 2007) (citation omitted), and in litigating a stay of the enforcement of a fee order, *Wanland*, 45 Cal. Rptr. 3d at 637.

The award of fees and costs in an anti-SLAPP case must be reasonable, and courts have broad discretion to determine what is reasonable. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002). California courts apply the lodestar approach for determining a reasonable fee award in an anti-SLAPP case. *Ketchum*, 17 P.3d at 744; *see also Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law."). For the lodestar approach, the Court begins by fixing a lodestar by "multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate." *Lealao v. Beneficial California, Inc.*, 97 Cal. Rptr. 2d 797, 803 (Ct. App. 2000). The Court may then adjust the lodestar amount based on factors including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 17 P.3d at 741 (citing *Serrano v. Priest*, 569 P.2d 1303, 1316 (Cal. 1977)).

In determining what "elements . . . should comprise a determination of the reasonable hourly value of an attorney's services," California courts look to the reasoning in federal cases as "both persuasive and appropriate for consideration." *Margolin v. Reg'l Plan. Comm'n*, 185 Cal. Rptr. 145, 147 (Ct. App. 1982) (noting that the California Supreme Court in *Serrano v. Priest* "cited and relied on many federal decisions in promulgating the California rules" related to awarding attorneys' fees). To determine a reasonable hourly

rate, the Court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotation marks and citation omitted). In this case, the relevant community is the Southern District of California because it is "the forum in which the district court sits." *Id.* The burden is on the party requesting attorneys' fees to produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) (citing *Blum v. Stenson*, 456 U.S. 886, 895-97 (1984)). Evidence that the Court should consider includes "[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney[.]" *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In assessing the reasonableness of time expended in its lodestar calculation, the Court examines submissions from the party or parties seeking fees, who bear the "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *ComputerXpress, Inc. v. Jackson*, 113 Cal. Rptr. 2d 625, 649 (Ct. App. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Although the lodestar method does not explicitly require "detailed billing time sheets," *Concepcion v. Amscan Holdings, Inc.*, 168 Cal. Rptr. 3d 40, 53 (Ct. App. 2014), the "evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims and whether the hours were reasonably expended," *Christian Rsch. Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 870 (Ct. App. 2008). As such, "the court may require [movants] to product records sufficient to provide 'a proper basis for determining how much time was spent on particular claims." *ComputerXpress, Inc.*, 113 Cal. Rptr. 2d at 649 (quoting *Hensley*, 461 U.S. at 437 n.12). The Court should exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

### III. DISCUSSION

Both the MKZ Defendants and S&G Defendants submitted declarations by their attorneys in support of the Fee Motions. ECF Nos. 270-2, 271-2. The Attorney Defendants also submitted evidence documenting the hours expended in defending their fee claims subsequent to this Court's initial order granting attorneys' fees. ECF Nos. 270-3, 271-2 at 6-8. However, neither of the Fee Motions included evidence regarding the prevailing rates for similar work within the Southern District of California, apart from the declarations of the Attorney Defendants' own counsel. The burden of producing satisfactory evidence "that that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation" is on the movants requesting an award of attorneys' fees. *Jordan*, 815 F.2d at 1263. Although the Court previously determined that the Attorney Defendants were entitled to mandatory attorneys' fees under California's anti-SLAPP statute, because the Fee Motions do not include sufficient evidence regarding prevailing rates in the community by local rate tables, affidavits by other attorneys, or fee determinations of their counsel in other cases in this district, the Court **DENIES** both Fee Motions **WITHOUT PREJUDICE**. ECF Nos. 270, 271.

Both MKZ Defendants and S&G Defendants may file renewed motions for attorneys' fees no later than **September 1, 2023**. Any renewed motions must include satisfactory evidence of prevailing rates for similar services of lawyers of reasonably comparable skill and reputation in the Southern District of California, and any hours previously anticipated that have since been realized should be reflected as such in the Attorney Defendants' renewed motions.

Plaintiff may file a response in opposition to any renewed fee motion(s) no later than **September 8, 2023**, and Attorney Defendants may file replies to opposition(s) filed by Plaintiff no later than **September 15, 2023**.

## IV. CONCLUSION

In accordance with the above, the Court hereby:

1. **DENIES WITHOUT PREJUDICE** the MKZ Fee Motion [ECF No. 270];

2. **DENIES WITHOUT PREJUDICE** the S&G Fee Motion [ECF No. 271];

3. **ORDERS** that the Attorney Defendants may file renewed fee motions no later than **September 1, 2023**;

4. Plaintiff may file opposition(s) to any renewed fee motions no later than **September 8, 2023**; and

5. Attorney Defendants may file replies supporting their renewed fee motions no later than **September 15, 2023**.

**IT IS SO ORDERED**.

Dated: August 17, 2023

_____
Honorable Linda Lopez
United States District Judge