UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>              Plaintiff,<br><br>v.<br><br>MARY E. SHERMAN, et al.<br><br>              Defendants. | Case No.: 19cv605-LL-AHG<br><br>**ORDER GRANTING RENEWED MOTION FOR ATTORNEYS' FEES**<br><br>[ECF No. 291] |

This matter is before the Court on the Renewed Motion for Attorneys' Fees (the "S&G Fee Motion") filed by Defendants Ellis Roy Stern, Alan N. Goldberg, and Stern & Goldberg (together, the "S&G Defendants"). ECF No. 291. Plaintiff Laura Lynn Hammett filed an opposition to the S&G Fee Motion [ECF No. 293] and the S&G Defendants filed a reply in response to Plaintiff's opposition [ECF No. 296]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **GRANTS** the S&G Fee Motion for the reasons stated below.

/ / /

/ / /

/ / /

I.  BACKGROUND

Plaintiff originally brought claims for conversion and legal malpractice against Defendants Patrick C. McGarrigle and McGarrigle, Kenney & Zampiello (together, the "MKZ Defendants") and the S&G Defendants (collectively, the "Attorney Defendants") in her first amended complaint ("FAC"). ECF No. 3 ¶¶ 264-303. The Attorney Defendants filed special motions to strike or dismiss the claims against them in Plaintiff's FAC based on California's anti-strategic lawsuit against public participation ("anti-SLAPP") statute [ECF Nos. 20, 21], and Plaintiff voluntarily dismissed her claims against the Attorney Defendants under Rule 41(a)(1)(A)(i) [ECF No. 38]. The Court dismissed the special motions to strike as moot [ECF No. 39], determined that the Attorney Defendants were prevailing parties under the anti-SLAPP statute [ECF No. 111 at 46-48], and awarded attorneys' fees to the Attorney Defendants [*id.* at 52].

Plaintiff appealed the Court's order granting attorneys' fees to the Attorney Defendants [ECF No. 135], and the Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction [ECF No. 144]. Plaintiff then filed a motion for reconsideration of the order granting an award of attorneys' fees. ECF No. 177. The Court denied Plaintiff's motion for reconsideration of the fee order [ECF No. 266] and granted the S&G Defendants' ex parte motion to file a combined motion for attorneys' fees [ECF No. 267]. The Court also dismissed Plaintiff's third amended complaint ("TAC") without leave to amend. ECF No. 268. Following the Court's orders [ECF Nos. 266-268], the Attorney Defendants each filed motions for attorneys' fees [ECF Nos. 270, 271], and Plaintiff filed a notice of appeal challenging, among other things, the fee order [ECF No. 111], the denial of the motion for reconsideration of the fee order [ECF No. 266], and dismissal of her TAC [ECF No. 268]. ECF No. 273. Plaintiff also moved to strike the fee motions for failure to consolidate briefing as per the undersigned's civil chambers rules [ECF No. 282], which the Court denied as incorrect [ECF No. 284]. The Court denied both fee motions without prejudice for failure to include satisfactory evidence that the requested fee rates were supported by sufficient evidence regarding prevailing rates in the community

for similar services of lawyers of reasonably comparable skill and reputation, directing the Attorney Defendants to file renewed motions if desired. ECF No. 290. In response, the S&G Defendants filed the instant Motion [ECF No. 291], and the MKZ Defendants also filed a renewed fee motion [ECF No. 292]. Plaintiff further appealed the Court's order denying the fee motions without prejudice. ECF No. 295. The Ninth Circuit Court of Appeals subsequently denied Plaintiff's appeal of the denial order for lack of jurisdiction. ECF No. 302. In the intervening time, the MKZ Defendants withdrew their motion for attorneys' fees. ECF No. 303.

## II.     JURISDICTION

As noted above, Plaintiff has appealed the Court's initial order awarding attorneys' fees to the Attorney Defendants as well as the Court's order denying reconsideration of that award. That appeal is currently pending before the United States Court of Appeals for the Ninth Circuit. *See Hammett v. Sherman et al.*, No. 22-56003 (9th Cir. filed Oct. 27, 2022).

Normally, "[t]he effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) (per curiam)). However, a pending appeal does not foreclose the award of attorneys' fees by the district court, and a decision on fees may likewise promote judicial efficiency. *Id.* at 956-57 (citing *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982)), 957 n.1 (citing *Culinary & Serv. Emps. Union v. Hawaii Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982)). Accordingly, the Court retains jurisdiction to rule on the Motions for Attorneys' Fees despite the pendency of Plaintiff's appeal.

The Court additionally notes that the instant Motion for Attorneys' Fees relates to fees incurred in defending the Court's initial fee award in the context of Plaintiff's interlocutory appeal [*see* ECF Nos. 135, 144] and Plaintiff's motion to vacate or reconsider

the fee award [*see* ECF No. 177, 266]. In other words, the substance of the S&G Fee Motion is not part of Plaintiff's pending appeal.

### III. LEGAL STANDARD

California's anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code. § 425.16(c)(1); *see also Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."). The fee provision of the anti-SLAPP statute includes compensation for "'all hours reasonably spent, including those necessary to establish and defend the fee claim.'" *Ketchum*, 17 P.3d at 748 (quoting *Serrano v. Unruh*, 652 P.2d 985, 997 (Cal. 1982)). In other words, the provision is broadly construed as to effectuate the legislative purpose of compensating defendants for the expense of responding and extracting themselves from a SLAPP suit. *See Wanland v. Law Ofcs. of Mastagni, Holstedt & Chiurazzi*, 45 Cal. Rptr. 3d 633, 637 (Ct. App. 2006) (citing *Wilkerson v. Sullivan*, 121 Cal. Rptr. 2d 275, 277 (Ct. App. 2002)). As such, section 425.16(c) has been interpreted to include expenses incurred in litigating an award of attorney fees, *Ketchum*, 17 P.3d at 747, in litigating an appeal, *Morrow v. Los Angeles Unified Sch. Dist.*, 57 Cal. Rptr. 3d 885, 902 (Ct. App. 2007) (citation omitted), and in litigating a stay of the enforcement of a fee order, *Wanland*, 45 Cal. Rptr. 3d at 637.

The award of fees and costs in an anti-SLAPP case must be reasonable, and courts have broad discretion to determine what is reasonable. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002). California courts apply the lodestar approach for determining a reasonable fee award in an anti-SLAPP case. *Ketchum*, 17 P.3d at 744; *see also Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law."). For the lodestar approach, the Court begins by fixing a lodestar by "multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate." *Lealao v. Beneficial California, Inc.*, 97 Cal. Rptr. 2d 797, 803

(Ct. App. 2000). The Court may then adjust the lodestar amount based on factors including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 17 P.3d at 741 (citing *Serrano v. Priest*, 569 P.2d 1303, 1316 (Cal. 1977)).

## IV. DISCUSSION

While the trial court has broad discretion in setting attorneys' fees, it begins with the determination of the lodestar figure, and the court's exercise of discretion must be based on the lodestar adjustment method. *Ketchum*, 17 P.3d at 743 (citing *Press v. Lucky Stores, Inc.*, 667 P.2d 704 (Cal. 1983)). As such, the Court must determine a reasonable hourly rate and consider the number of hours reasonably expended by the Attorney Defendants in responding and extracting themselves from the present suit.

In determining what "elements . . . should comprise a determination of the reasonable hourly value of an attorney's services," California courts look to the reasoning in federal cases as "both persuasive and appropriate for consideration." *Margolin v. Reg'l Plan. Comm'n*, 185 Cal. Rptr. 145, 147 (Ct. App. 1982) (noting that the California Supreme Court in *Serrano v. Priest* "cited and relied on many federal decisions in promulgating the California rules" related to awarding attorneys' fees). To determine a reasonable hourly rate, the Court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotation marks and citation omitted). In this case, the relevant community is the Southern District of California because it is "the forum in which the district court sits." *Id.* The burden is on the party requesting attorneys' fees to produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Evidence that the Court should consider includes "[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the

community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney[.]" *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 507 (9th Cir. 1990).

In assessing the reasonableness of time expended in its lodestar calculation, the Court examines submissions from the party or parties seeking fees, who bear the "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *ComputerXpress, Inc. v. Jackson*, 113 Cal. Rptr. 2d 625, 649 (Ct. App. 2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Although the lodestar method does not explicitly require "detailed billing time sheets," *Concepcion v. Amscan Holdings, Inc.*, 168 Cal. Rptr. 3d 40, 53 (Ct. App. 2014), the "evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims and whether the hours were reasonably expended," *Christian Rsch. Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 870 (Ct. App. 2008). As such, "the court may require [movants] to product records sufficient to provide 'a proper basis for determining how much time was spent on particular claims." *ComputerXpress, Inc.*, 113 Cal. Rptr. 2d at 649 (quoting *Hensley*, 461 U.S. at 438 n.12). The Court should exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434.

To challenge a movant's evidence supporting the hours and rates claimed in a motion for attorneys' fees, "the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" *Chaudry v. City of Los Angeles*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) (quoting *Camacho*, 523 F.3d at 980).

At the outset, the Court notes that Plaintiff did not submit any evidence challenging the S&G Fee Motion, and that her responses to the Motion largely re-hashes her arguments about whether the Attorney Defendants can be considered prevailing defendants under California's anti-SLAPP statute. *See generally* ECF No. 293. As explained elsewhere in this Order, the substance of the Attorney Defendants' anti-SLAPP claim, the Court's initial order awarding fees, and the Court's order denying reconsideration of the fee award are the

subject of the appeal pending before the United States Court of Appeals for the Ninth Circuit and are separate from the substance of the instant Fee Motions. The Court therefore disregards Plaintiff's arguments related to issues on which the Court has been divested of jurisdiction.

Plaintiff also challenges the reasonableness of "aggregate attorney fee awards" against her as oppressive and in violation of her constitutional rights. ECF No. 293 at 7. Plaintiff's opposition cites to *Wakefield v. Visalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) in support of the proposition that awarding oppressive attorneys' fees may render such an award unconstitutional. *Id.*; *see also* ECF No. 285-1 at 7-8. Plaintiff additionally argues that, based on the same principle of fairness discussed in *Wakefield*, the attorney fees should be reversed or drastically reduced. *Id.* While Plaintiff argues that the use of prevailing rates is not reasonable, she argues only that the prevailing rates are "artificially inflated" and that "the only reason to make legal services so expensive" "is to oppress the masses." ECF No. 293-1 at 8 (emphasis in original).

The Court in *Wakefield* found that aggregated statutory damages are "subject to constitutional limitation in extreme situations—that is, when they are 'wholly disproportioned' and 'obviously unreasonable' in relation to the goals of the statute and the conduct the statute prohibits." 51 F.4th at 1123 (citing *St. Louis, I.M. & S. Co. v. Williams*, 251 U.S. 63, 67 (1919)). *Wakefield* is inapposite to this case and the instant Motion because it did not involve California's anti-SLAPP statute and because attorney fees were not at issue in *Wakefield*. As detailed elsewhere in this Order, this Court employs the adjusted lodestar method of calculating reasonable fees, which is likewise employed by California courts in the context of the anti-SLAPP statute.

The S&G Defendants submit that they incurred 21.2 hours of work in relation to Plaintiff's appeal of the initial fee award, and an additional 73.1 hours in responding to Plaintiff's further efforts to challenge the fee award, and request to be compensated at an hourly rate of $450 per hour for work performed by attorneys for a total of $42,435 for 94.3 hours of work. ECF No 291 at 16-17. They submit that attorney Corinne Bertsche has

been licensed to practice law in California for over 27 years, is a certified legal malpractice specialist in California, and has been practicing in professional liability for the majority of her legal career, with experience in numerous anti-SLAPP motions and judgments, and that the rate of $450 per hour is both reasonable and less than the prevailing rates for the community for attorneys with similar qualifications. *Id.* at 17. Together with the Motion, Bertsche submitted a declaration detailing the tasks related to the fee motion [ECF No. 291-2], the USAO Attorney's Fee Matrix [*id.* at 14-15], a 2021 wage table from the Office of Personnel Management ("OPM") for San Diego [*id.* at 17], a 2021 OPM wage table for the District of Columbia [*id.* at 19], and numerous filings from other Court cases in San Diego and other California Courts [*id.* at 21-55] as well as filings from other attorneys with similar experience in San Diego charging $550 and $450 hourly rates for similar work performed [*id.* at 57-65].

Upon review of Bertsche's declaration detailing the tasks performed, the Court finds that the entries are sufficiently detailed for the Court to determine that the tasks were related to litigating the S&G Defendants' anti-SLAPP motion resulting in dismissal of the claims against them, and that time incurred is within the range awarded in this district for similar cases. Furthermore, while the Court does not endorse the use the USAO Attorney's Fee Matrix, adjusted to San Diego, as substantial evidence of prevailing rates for similar work performed in this community, the Court finds that the evidence of other attorney fee awards in similar cases in San Diego by Bertsche and other attorneys sufficiently demonstrates that $450 per hour is a reasonable rate informed by the prevailing rate for similar work in San Diego.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

In accordance with the above, the S&G Fee Motion is **GRANTED**. The S&G Defendants are awarded $42,435 in attorney fees based on the Court's adjusted lodestar assessment.

**IT IS SO ORDERED**.

Dated: May 9, 2024

Honorable Linda Lopez
United States District Judge