UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LYNN HAMMETT,<br><br>        Plaintiff,<br><br>v.<br><br>MARY E. SHERMAN, et al.<br><br>        Defendants. | Case No.: 19cv605-LL-AHG<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE ISSUED JUNE 14, 2024** |

Before the Court are responses to an Order to Show Cause issued on June 14, 2024. ECF No. 317. Following Plaintiff's filing of a document titled "Plaintiff's Opposition to Issuance of Abstract of Judgment" [ECF No. 316], the Court issued an Order to Show Cause ("OSC") why execution on the judgments as to attorneys' fees awarded to Defendants should be stayed pursuant to Federal Rule of Civil Procedure 62. ECF No. 317. Plaintiff filed a Response to the OSC [ECF No. 318] and Defendants Ellis Roy Stern, Alan N. Goldberg, and Stern & Goldberg (collectively the "S&G Defendants") filed an Opposition to Plaintiff's Response [ECF No. 319]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court finds that Plaintiff may obtain a stay of proceedings to enforce judgment pursuant to Federal Rule of Civil Procedure 62 by providing a bond.

1

## I. BACKGROUND

Plaintiff originally brought claims for conversion and legal malpractice against Defendants Patrick C. McGarrigle and McGarrigle, Kenney & Zampiello (together, the "MKZ Defendants") and the S&G Defendants (collectively, the "Attorney Defendants") in her first amended complaint ("FAC"). ECF No. 3 ¶¶ 264–303. The Attorney Defendants filed special motions to strike or dismiss the claims against them in Plaintiff's FAC based on California's Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute [ECF Nos. 20, 21], and Plaintiff voluntarily dismissed her claims against the Attorney Defendants under Rule 41(a)(1)(A)(i) [ECF No. 38]. The Court dismissed the special motions to strike as moot [ECF No. 39], determined that the Attorney Defendants were prevailing parties under the anti-SLAPP statute [ECF No. 111 at 45–48], and awarded attorneys' fees of $15,792 to MKZ Defendants and $23,010.50 to S&G Defendants [*id.* at 49, 52].

Plaintiff then filed a motion for reconsideration of the order granting an award of attorneys' fees. ECF No. 177. The Court denied Plaintiff's motion for reconsideration of the fee order [ECF No. 266] and granted the S&G Defendants' ex parte motion to file a combined motion for attorneys' fees [ECF No. 267]. The Court also dismissed Plaintiff's third amended complaint ("TAC") without leave to amend. ECF No. 268. Following the Court's orders [ECF Nos. 266–68], the Attorney Defendants each filed motions for attorneys' fees [ECF Nos. 270, 271], and Plaintiff filed a notice of appeal challenging, among other things, the fee order [ECF No. 111], the denial of the motion for reconsideration of the fee order [ECF No. 266], and dismissal of her TAC [ECF No. 268]. ECF No. 273. The Court denied both fee motions without prejudice for failure to include satisfactory evidence that the requested fee rates were supported by sufficient evidence regarding prevailing rates in the community for similar services of lawyers of reasonably comparable skill and reputation, directing the Attorney Defendants to file renewed motions if desired. ECF No. 290. In response, the S&G Defendants filed a renewed fee motion. ECF No. 291 The MKZ Defendants also filed a renewed fee motion [ECF No. 292], but

later withdrew it [ECF No. 303]. The Court granted the renewed fee motion, awarding $42,435 in attorneys' fees to the S&G Defendants. ECF No. 305. Plaintiff appealed that order to the Ninth Circuit. ECF No. 306.

On June 13, 2024, Plaintiff filed an Opposition to Issuance of Abstract of Judgment [ECF No. 316], which the Court construed as a request by Plaintiff to stay proceedings to enforce the judgments until her appeal to the Ninth Circuit of the underlying orders awarding attorneys' fees is decided [ECF No. 317].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) states that "after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.* "Generally, 'the amount of the bond should be sufficient to pay the judgment *plus* interest, costs and any other relief (e.g., attorney fees) the appellate court may award.'" *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012) (quoting Christopher A. Goelz & Meredith J. Watts, *California Practice Guide: Ninth Circuit Civil Appellate Practice* ¶ 1:168 (TRG 2011)). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (citation omitted). Courts in the Ninth Circuit regularly consider the following factors when determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so [p]lain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Cotton ex rel. McClure*, 860 F. Supp. 2d at 1028 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

## III. DISCUSSION

Plaintiff argues that enforcement of the judgments as to the attorneys' fees awards should be vacated or stayed pending appeal with a nominal $1.00 bond while she appeals the decisions that resulted in the attorneys' fees awards. ECF No. 318 at 2. She notes that the appellate court asked the parties to provide supplemental briefs addressing whether federal subject matter jurisdiction exists. *Id.* Plaintiff claims that subject matter jurisdiction is lacking because "the amount in controversy against those attorney defendants fell far below the $75,000 threshold" required for diversity jurisdiction, and one of the members of Defendant Silver Strand Plaza LLC is a citizen of the same state as Plaintiff. *Id.* at 2–5. She also argues that a lien will cause her credit score to drop needlessly. *Id.* at 5.

As a preliminary matter, the Court notes that although Plaintiff has filed an appeal with the Ninth Circuit in this matter, it has jurisdiction to consider whether enforcement of the judgment should be stayed pursuant to Federal Rule of Civil Procedure 62 without a bond or other security. *Sheldon v. Munford, Inc.*, 128 F.R.D. 663, 665 (N.D. Ind. 1989). Normally, "[t]he effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) (per curiam)). Because the appellate court has taken up the issue of subject matter jurisdiction by ordering briefing, this Court finds the best course of action is to refrain at this time from analyzing the identical issue due to the jurisdictional transfer of matters involved in an appeal.

The Court will continue to consider the factors for waiving the bond requirement because it is not plainly apparent that federal subject matter jurisdiction is lacking. First, the amount in controversy is determined from the face of the pleadings when the plaintiff originally files in federal court, not by the attorneys' fees award. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation omitted). Second, in situations with nondiverse parties, it may be possible to restore subject matter

1  jurisdiction by dropping a dispensable party or severing claims. Fed. R. Civ. P. 21;
2  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420–21 (3d Cir. 2010).

3  Turning to the factors, the Court finds Plaintiff has not shown the factors warrant waiving the bond requirement for a stay pursuant to Federal Rule of Civil Procedure 62. There is no indication that Plaintiff's ability to pay the judgment is so plain that the cost of a bond would be a waste of money or that Plaintiff is in such a precarious financial situation that the requirement to post a bond would place other creditors in an insecure position. *See Cotton ex rel. McClure*, 860 F. Supp. 2d at 1028. There is also no discussion of the complexity of the collection process, the amount of time required to obtain a judgment after it is affirmed on appeal, or the availability of funds to pay the judgment. *See id.* Therefore, the Court finds in its discretion that waiver of the bond requirement is not warranted.

Alternatively, a Court considers the following when deciding a general motion to stay an order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (citation omitted). "The first two factors . . . are the most critical; the last two are reached only [o]nce an applicant satisfies the first two factors." *Id.* at 1007 (alteration in original) (internal quotation marks and citation omitted).

The Court finds a stay is not warranted. Plaintiff's claim of harm is that "[f]iling a lien on a void order will cause [her] 170+ FICO score to drop needlessly." ECF No. 318 at 5. The Court does not find a potential credit score drop to rise to the sort of irreparable harm to support granting a stay pending appeal. Regarding whether Plaintiff is likely to succeed on the merits, the attorneys' fees were awarded pursuant to California Code of Civil Procedure section 425.16, which provides for a mandatory award of attorney fees to defendants who establish that the claim falls under the statute and that the plaintiff has no

probability of prevailing. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1141–42 (2001). Plaintiff puts forth arguments previously rejected in granting the fee award. *See* ECF No. 318 at 2 ("Hammett continues to assert her arguments on appeal as to the errors in declaring the attorney defendants the presumptive prevailing party on their anti-SLAPP motion."); ECF No. 111 at 45–52. The Court does not find that repeating previously rejected arguments strongly shows a likelihood of success on the merits. Because the first two factors have not been satisfied, the Court need not consider the last two. *See Al Otro Lado*, 952 F.3d at 1007.

Although the Court finds a stay pending appeal is not warranted, Plaintiff may nevertheless stay execution of a judgment pursuant to Federal Rule of Civil Procedure 62(b) by posting a bond. "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Cotton ex rel. McClure*, 860 F. Supp. 2d at 1029 (citing Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)). The Court finds Plaintiff must file a supersedeas bond of $81,806.87, which is 1.25 times the total amount awarded to S&G Defendants. *See* ECF No. 111 at 52; ECF No. 305 at 9; *Rachel*, 831 F.2d at 1505 n.1; *Cotton ex rel. McClure*, 860 F. Supp. 2d at 1027.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff may obtain a stay of proceedings to enforce judgment pursuant to Federal Rule of Civil Procedure 62 by providing a bond of $81,806.87. The stay takes effect when the Court approves the bond and remains in effect for the time specified in the bond. Fed. R. Civ. P. 62(b).

**IT IS SO ORDERED**.

Dated: August 15, 2024

_____
Honorable Linda Lopez
United States District Judge