# No. 24-3621

# In the United States Court of Appeals For the Ninth Circuit

**LAURA LYNN HAMMETT**

*Plaintiff-Appellant*

v.

**MARY E. SHERMAN, et al.**

*Defendants-Appellees.*

Appeal from the United States District Court for the Southern District of California; Case No. 19-CV-00605-LL-AHG
The Honorable Linda Lopez

**ELLIS ROY STERN, ESQ; ALAN N. GOLDBERG, ESQ AND STERN & GOLDBERG'S APPLICATION FOR ATTORNEY'S FEES ON APPEAL PURSUANT TO NINTH CIRCUIT RULE 39-1.6, OR ALTERNATIVELY, MOTION TO TRANSFER CONSIDERATION OF THE ATTORNEYS' FEES ON APPEAL TO DISTRICT COURT PURSUANT TO RULE 39-1.8; DECLARATION OF CORINNE C. BERTSCHE IN SUPPORT**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Corinne C. Bertsche, SBN 174393
Daniel Velladao, SBN 323697
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.699.4905; Facsimile: 619.233.8627

*Attorneys for Defendants and Appellees*
**ELLIS ROY STERN, ESQ; ALAN N. GOLDBERG, ESQ.; STERN & GOLDBERG**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................1

I.  INTRODUCTION ....................................................................................3

II.  SUMMARY OF BACKGROUND AND PROCEDURAL HISTORY .........4

III.  S&G APPELLEES ARE ENTITLED TO ATTORNEY'S FEES ON
    APPEAL AS THE PREVAILING PARTY ....................................................6

    A.  Prevailing Defendants on an Anti-SLAPP Motion are Entitled
        to Recover Their Attorney's Fees and Costs in Relation to the
        Anti-SLAPP Motion and in Pursuing Their Attorney's Fees................6

    B.  S&G Defendants are Entitled to their Reasonable Attorney's
        Fees Incurred in Relation to HAMMETT's Appeal of the
        Renewed Motion for Additional Attorney's Fees................................9

    C.  S&G Defendants are also Entitled to the Fees Incurred in
        Relation to the Present Application for Attorney's Fees. ...................10

    D.  The Fees Sought in Relation to the Appeal are Reasonable. ..............12

IV.  ALTERNATIVELY, S&G DEFENDANTS REQUEST THIS
    COURT TRANSFER CONSIDERATION OF THIS MOTION FOR
    ATTORNEY'S FEES ON APPEAL TO THE DISTRICT COURT. ...........15

V.  CONCLUSION.......................................................................................16

DECLARATION OF CORINNE C. BERTSCHE ................................................17

CERTIFICATE OF COMPLIANCE....................................................................27

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bernardo v. Planned Parenthood Federation of America*,
115 Cal. App. 4th 322 (2004) ................................................................................9

*Chacon v. Litke*,
181 Cal. App. 4th 1234 (2010) ...........................................................................13

*Coltrain v. Shewalter*,
66 Cal. App. 4th 94 (1998) ..................................................................................10

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
47 Cal. App. 4th 777 (1996) .............................................................................8, 9

*Evans v. Unkow*,
38 Cal. App. 4th 1490 (1995) .......................................................................10, 11

*Gottesman v. Santana*,
263 F. Supp.3d 1034 (S.D. Cal. 2017)................................................................10

*Grade-Way Construction Co. v. Golden Eagle Ins. Co.*,
13 Cal. App. 4th 826 (1993) ...............................................................................11

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001) ..............................................................7, 8, 10, 11, 13

*Lucky United Properties Investment, Inc. v. Lee*,
185 Cal. App. 4th 125 (2010) .............................................................................12

*Lunada Biomedical v. Nunez*,
230 Cal. App. 4th 459 (2014) .............................................................................15

*Macias v. Hartwell*,
55 Cal. App. 4th 669 (1997) .................................................................................9

*Martino v. Denevi*,
182 Cal. App. 3d 553 (1986) ..............................................................................15

*Metabolife International, Inc.. v. Wornick*,
213 F. Supp. 2d 1220 (9th Cir. 2002)...................................................................9

*Morcos v. Board of Retirement*,
  51 Cal. 3d 924 (1990) ................................................................11

*Nemecek & Cole v. Horn*,
  208 Cal. App. 4th 641 (2012) ....................................................13

*PLCM Group, Inc. v. Drexler*,
  22 Cal. 4th 1084 (2000) .............................................................13

*Premier Medical Management Systems, Inc. v. California Insurance Guarantee Assoc.*,
  163 Cal. App. 4th 550 (2008) ...............................................12, 13

*Serrano v. Unruh*,
  32 Cal. 3d 621, 639 (1982) ...........................................................8

*Syers Properties III, Inc. v. Rankin*,
  226 Cal. App. 4th 691 (2014) ....................................................16

*Vargas v. City of Salinas*,
  200 Cal. App. 4th 1331 (2011) ..................................................12

*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*,
  141 Cal. App. 4th 15 (2006) ......................................................12

*Wilkerson v. Sullivan*,
  99 Cal. App. 4th 443 (2002) .........................................................9

**Statutes**

Code Civ. Proc., § 425.16 ...................................... 5, 8, 9, 10, 11, 12, 15

Code Civ. Proc., § 425.16, subd. (c) ........................................4, 6–9, 13

**Court Rules**

Ninth Circuit Rule 39-1.6 ..................................................................4, 16

Ninth Circuit Rule 39-1.8 ..................................................................4, 16

## I.   INTRODUCTION

Appellees ELLIS ROY STERN, ALAN N. GOLDBERG, and STERN &
GOLDBERG (herein collectively referred to as "S&G" or "Appellees") hereby
apply to this Court for an award of their appellate attorney's fees pursuant to Ninth
Circuit Rule 39-1.6, or alternatively, respectfully request that this Court transfer
consideration of S&G's recoverable attorney's fees incurred in relation to plaintiff-
appellant, LAURA HAMMETT's (herein "HAMMETT" or "Appellant") appeal to
the district court pursuant to Ninth Circuit Rule 39-1.8. This application is
supported by the declaration of Corinne C. Bertsche evidencing S&G Defendants'
attorney's fees incurred on appeal, which are also summarized below.

The S&G Defendants are prevailing parties in HAMMETT's subsequent
appeal pertaining to attorney's fees awarded to S&G Defendants by the district
court pursuant to Code of Civil Procedure section 425.16(c). This appeal arises
from the district's order granting S&G's additional attorney's fees incurred in
connection with their Special Motion to Strike (anti-SLAPP motion), incurred in
relation to plaintiff's prior interlocutory appeal and additional litigation in the
district court continuing to challenge the fee order.

On May 27, 2026, this Court filed its Memorandum Disposition and
affirmed the district court's order awarding S&G Defendants' additional attorney's
fees pursuant to California Code of Civil Procedure section 425.16(c).

3

Accordingly, as prevailing parties, S&G are entitled to their attorney's fees incurred on appeal. S&G Defendants request this Court award $35,100.00 in attorney's fees incurred in connection with this appeal and motion for attorney's fees.

## II.  SUMMARY OF BACKGROUND AND PROCEDURAL HISTORY

HAMMETT filed claims clearly barred by California's anti-SLAPP statute- against her litigation adversary's counsel, the S&G Defendants. S&G promptly filed a Special Motion to Strike ("anti-SLAPP" motion) pursuant to California Code of Civil Procedure section 425.16. Bertsche Decl. ¶ 4. However, in response to the anti-SLAPP motion, HAMMETT voluntarily dismissed her complaint against S&G, but expressed an intent to refile new claims against the attorney defendants. *Id.* at ¶ 5.

The district court thereafter granted S&G's initial Motion for Attorney's Fees in the amount of $23,010.50 in its order entered on March 23, 2020. HAMMETT also filed a motion to vacate the order awarding attorney's fees, which the district court denied. Bertsche Decl. ¶ 7.[1]

---

[1] HAMMETT filed a notice of appeal to challenge the district court's orders granting initial attorney's fees and denying the motion to vacate the order granting attorney's fees, after judgment was entered as to all parties. Bertsche Decl. ¶ 9. After briefing concluded, this Court affirmed the district court's order granting S&G Defendants' motion for attorney's fees in Ninth Circuit Case No. 22-56003. Bertsche Decl. ¶ 10. S&G Defendants have filed a separate application for attorney's fees incurred in that appeal.

On April 22, 2020, Plaintiff attempted to appeal the district court's initial interlocutory order granting the motions for attorneys' fees before judgment was entered as to all parties. Bertsche Decl. ¶ 8. On May 1, 2020, this Court ordered Plaintiff to show cause why the appeal should not be dismissed for lack of jurisdiction. (Ninth Circuit Dkt. 8 in Case No. 20-55442.) After review of the parties' responses to the order to show cause, on July 23, 2022, this Court issued its order dismissing Plaintiff's appeal on the ground that the order appealed from was a non-appealable order and this Court lacked jurisdiction. (*Id.*)

Following dismissal of Plaintiff's interlocutory appeal (Ninth Circuit Case No. 20-55442), this Court granted Defendants' alternate motion to transfer their application for attorneys' fees incurred on appeal to the district court for consideration to be heard with Defendants' request for additional fees incurred in the district court. Bertsche Decl. ¶ 11. Defendants thereafter filed a combined renewed motion for additional attorneys' fees requesting attorneys' fees incurred in relation to plaintiff's interlocutory appeal of the initial fee award, and fees in responding to Plaintiff's multiple further efforts to challenge the fee award as prevailing parties in their anti-SLAPP motion pursuant to Code of Civil Procedure section 425.16(c). *Id.*

On May 9, 2024, the district court granted defendants' renewed motion for additional attorneys' fees and awarded defendants $42,435.00 in additional attorneys' fees. (1-SER-2–10.) Bertsche Decl. ¶ 12. On May 30, 2024, plaintiff filed her notice of appeal of this order. *Id.*

On May 27, 2026, this Court affirmed the district court's order granting defendants' renewed motion for additional attorney's fees. Bertsche Decl. ¶ 13. This fee application requests $35,100.00 in fees incurred in relation to this appeal and fee application only. *Id.*

## III.   S&G APPELLEES ARE ENTITLED TO ATTORNEY'S FEES ON APPEAL AS THE PREVAILING PARTY

### A.   Prevailing Defendants on an Anti-SLAPP Motion are Entitled to Recover Their Attorney's Fees and Costs in Relation to the Anti-SLAPP Motion and in Pursuing Their Attorney's Fees.

S&G are entitled to recover attorney's fees they incurred in connection with the anti-SLAPP motion. California Code of Civil Procedure section 425.16(c) states in pertinent part: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." The California Supreme Court has expressly held that "under Code of Civil Procedure §425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

In *Ketchum v. Moses, supra*, 24 Cal. 4th 1122 at p. 1141, the Court held that

a prevailing defendant under the anti-SLAPP statute is entitled to an award of all

attorney fees reasonably incurred in the defense of the SLAPP suit, including fees

incurred in pursuing the attorney fee award itself:

> Ketchum further asserts that the fee award improperly included 'fees on fees,' i.e., fees incurred in litigating the award of attorney fees. The Court of Appeal correctly rejected the argument: *an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure §425.16.* As explained in Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982), "follow[ing] the rule of the overwhelming majority of courts that have considered the question . . . [w]e hold . . . that, absent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim." The amount of litigation on this issue typically lies in the Respondent's hands: having litigated the matter tenaciously, Ketchum "cannot . . . be heard to complain about the time necessarily spent by the [defendant] in response."

(Emphasis added.)

The statute and case law interpreting Code of Civil Procedure section

425.16(c) make it clear that the award of attorney's fees must adequately

compensate the defendant for the expense of responding to the lawsuit. *Dove

Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 785 (1996). The

provision for an award of fees and costs should be "broadly construed so as to

effectuate the legislative purpose of reimbursing the prevailing defendant for

expenses incurred in extricating [himself or itself] from a baseless lawsuit."

*Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002); also See *Metabolife International, Inc.. v. Wornick*, 213 F. Supp. 2d 1220, 1223 (9th Cir. 2002) [the court found that since the entire lawsuit against defendant was subject to the anti-SLAPP motion, all of the moving party's attorney fees and expenses were incurred "in connection with" the anti-SLAPP motion].

"By providing for a mandatory award of attorney fees in favor of a defendant who prevails on a motion to strike under the anti-SLAPP statute, section 425.16(c) does not punish, penalize, or impose 'liability' on the SLAPP plaintiff. The fee shifting simply requires the plaintiff, as the party whose SLAPP suit caused the defendant to incur attorney fees and other costs, to bear those fees and costs." *Bernardo v. Planned Parenthood Federation of America*, 115 Cal. App. 4th 322, 361 (2004). The award under section 425.16(c) "is designed to compensate defendants for the cost of defending the suit...." (*Id*.) Code of Civil Procedure section 425.16 "authorizes the court to make an award of reasonable attorney fees to a prevailing defendant, which will adequately compensate the defendant for the expense of responding to a baseless lawsuit." *Dove Audio, Inc., supra*, 47 Cal. App. 4th at 785. An award for attorney's fees pursuant to Code of Civil Procedure section 425.16 is proper regardless of whether a third party has paid the litigation expenses. *Macias v. Hartwell*, 55 Cal. App. 4th 669, 675-676 (1997).

8

The district court's order granting S&G's motion for attorney's fees incurred in relation to their anti-SLAPP motion found that the S&G Defendants were the prevailing parties on their special motion to strike pursuant to Code of Civil Procedure §425.16 (anti-SLAPP motion), *Coltrain v. Shewalter*, 66 Cal. App. 4th 94 (1998), *Gottesman v. Santana*, 263 F. Supp.3d 1034, 1040-41 (S.D. Cal. 2017), and other authority. The district court initially awarded S&G $23,010.50 in attorney's fees incurred in relation to the anti-SLAPP motion and motion for attorney's fees. Bertsche Decl., ¶ 7.

Pursuant to S&G's later renewed combined motion for additional attorney's fees, the district court awarded an additional $42,435.00 incurred in relation to plaintiff's untimely interlocutory appeal and further litigation to challenge the initial attorney fee order in the district court. Bertsche Decl., ¶ 12.

**B.** **S&G Defendants are Entitled to their Reasonable Attorney's Fees Incurred in Relation to HAMMETT's Appeal of the Renewed Motion for Additional Attorney's Fees.**

In addition to the fees incurred in relation to pursuit of an anti-SLAPP motion and request for fees at the district court level, the anti-SLAPP statute also permits recovery of fees and costs associated with an appeal of a court's ruling in relation to an anti-SLAPP motion. *Evans v. Unkow*, 38 Cal. App. 4th 1490, 1499-1500 (1995); *Ketchum v. Moses, supra*, 24 Cal. 4th 1122 at p. 1141. As the Court reasoned in *Evans, supra*:

> A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise. (citing *Morcos v. Board of Retirement*, 51 Cal. 3d 924, 927-929 (1990); *Grade-Way Construction Co. v. Golden Eagle Ins. Co.*, 13 Cal. App. 4th 826, 837-838 (1993). The [anti-SLAPP] statute does not preclude recovery of appellate attorney fees by a prevailing defendant-respondent; hence they are recoverable.

(*Id.*; emphasis added.)

Here, S&G incurred additional fees to oppose HAMMETT's appeal of the order granting their renewed combined motion for additional attorney's fees. These fees included research, analysis, preparing an answering brief in response to HAMMETT's opening brief, communications regarding the appeal, and preparing the supplemental record on appeal. These fees were necessarily incurred in order to appropriately respond to Hammett's unpersuasive appellate claims. Bertsche Decl. ¶¶ 11-15. S&G seek their reasonable fees and associated with opposing HAMMETT's unsuccessful appeal from the order granting their renewed motion for additional attorney's fees.

### C. S&G Defendants are also Entitled to the Fees Incurred in Relation to the Present Application for Attorney's Fees.

S&G are also entitled to an award of attorney's fees incurred in relation to this motion for attorney's fees. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." *Ketchum, supra*, 24 Cal. 4th at 1141. An award of attorney's fees "should

10

ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee." *Premier Medical Management Systems, Inc. v. California Insurance Guarantee Assoc.*, 163 Cal. App. 4th 550, 556 (2008). Also see *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 20 (2006) [fees incurred in enforcing anti-SLAPP attorney fees award are recoverable]; *Lucky United Properties Investment, Inc. v. Lee*, 185 Cal. App. 4th 125, 128 (2010) [post judgment fees and costs incurred in collecting on the judgment for anti-SLAPP fees and costs are recoverable]; *Vargas v. City of Salinas*, 200 Cal. App. 4th 1331, 1351 (2011) ["In the present case, all of plaintiff's case was dismissed pursuant to section 425.16.…Accordingly, fees incurred post judgment were incurred in connection with the section 425.16 motion"].)

Accordingly, as the prevailing party on their anti-SLAPP motion and on appeal defending the second fee award resulting from Hammett's SLAPP suit, S&G are entitled as a matter of right to recover not only their attorney's fees and costs incurred in relation to both the anti-SLAPP motion and related fee claim, but also the fees and costs associated with the preparation of this present fee motion through its final disposition.

11

**D.      The Fees Sought in Relation to the Appeal are Reasonable.**

In determining the amount of attorney fees awarded pursuant to Code of Civil Procedure section 425.16(c), courts apply the lodestar method, which includes the number of hours reasonably expended multiplied by the reasonable hourly rate prevailing in the community for similar work. *Premier Medical Management Systems, Inc., supra,* 163 Cal. App. 4th at 558; and *Ketchum, supra,* 24 Cal. 4th at 1136; *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The lodestar method is appropriate even though the party held liable for fees may be required to pay an amount greater than that actually paid or incurred. See *Nemecek & Cole v. Horn*, 208 Cal. App. 4th 641, 651-652 (2012) ["'The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel. [Citations.]'"]; *Chacon v. Litke*, 181 Cal. App. 4th 1234, 1260 (2010); *PLCM Group, Inc., supra*, 22 Cal. 4th at 1097. S&G incurred the following attorney's fees in relation to this appeal.

S&G incurred the following attorney's fees in relation to this appeal:

| Attorney | Time Billed and Work Performed from May 30, 2024 to Nov. 19, 2024, and June 2026 | |
|---|---|---|
| Corinne Bertsche | 1.9 hours | Review the notice of appeal, scheduling order, circuit court orders, requests for extension, notice of filings and service, memorandum of decision, mandate from this Court |
| Corinne Bertsche | 42.3 hours | Review and analysis of appellant's opening brief, prepare answering brief and review appellant's reply brief; |
| Corinne Bertsche | 1.3 hours | Legal Research for appeal; |
| | 14.6 hours | Review and analysis of filed documents and preparation of supplemental record on appeal |
| Corinne Bertsche | 7.4 hours | Communicating with clients regarding issues, arguments and filings raised in and related to this appeal; |
| Corinne Bertsche | 2.6 hours | Communicating with plaintiff, Laura Hammett, regarding issues related to this appeal, including the supplemental excerpts of the record on appeal |
| Corinne Bertsche | 3.9 hours | Preparing application for attorney's fees on appeal, declaration of Corinne Bertsche, or in alternative, motion to transfer consideration to district court, including research re motion. |
| Corinne Bertsche | 4.0 hours | Estimate of anticipated fees in preparing reply to plaintiff's opposition to this motion. |

13

| Total | 78 hours x $450 per hour = $35,100.00 |

As set forth in the declaration of Ms. Bertsche, the above time spent by counsel for S&G Defendants was reasonable and necessary in connection with the defense of this matter in connection with further litigating the attorney's fee award granted pursuant to Code of Civil Procedure section 425.16 on appeal. Decl. Bertsche, ¶¶ 15-17. See *Lunada Biomedical v. Nunez,* 230 Cal. App. 4th 459, 487-488 (2014) [A defendant meets its burden of establishing its entitlement to attorney fees "by submitting a declaration from counsel instead of billing records or invoices"]; and *Martino v. Denevi*, 182 Cal. App. 3d 553, 559 (1986) ["Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records"]. Reasonableness of the fee is determined by examining factors such as the nature of the litigation, the skill required, the attention given, the success of the attorney's efforts, the attorney's experience, and the time consumed. See *Id*. at 558.

Based on the prevailing rates in the community for similar work, S&G requests an hourly rate of $450 per hour for the services of Corinne Bertsche. Ms. Bertsche has been licensed to practice law in the State of California for over 30 years, and is a certified Legal Malpractice Specialist in California, and an active member of her firm's appellate practice group. Ms. Bertsche has been practicing in professional liability, with an emphasis on defense of legal malpractice and

14

malicious prosecution actions for the majority of her legal career, and has prepared numerous anti-SLAPP motions and judgments resulting from the granting of anti-SLAPP motions. The hourly rate of $450 per hour is reasonable and less than the rate charged by other attorneys with Ms. Bertsche's qualifications in the community for similar work. See Decl. Bertsche, ¶¶ 18-19. The district court found this rate reasonable in awarding attorney's fees in the district court, and this rate is well below the hourly rates listed for an attorney with the same years of experience listed on the USAO Attorney's Fee Matrix - 2015-2021. Decl. Bertsche, ¶ 18. See *Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 702 (2014), wherein the court found that the rate requested by defense counsel was supported by the Laffey Matrix (predecessor to the PPI-OL Index) and declaration of counsel.)

## IV.   ALTERNATIVELY, S&G DEFENDANTS REQUEST THIS COURT TRANSFER CONSIDERATION OF THIS MOTION FOR ATTORNEY'S FEES ON APPEAL TO THE DISTRICT COURT.

Alternatively, should this Court find the fee issue more appropriately considered by the district court, S&G Defendants request that this Court transfer consideration of S&G's recoverable attorney's fees incurred in relation to plaintiff-appellant's appeal to the district court pursuant to Ninth Circuit Court Rule 39-1.8. Rule 39-1.8 provides "[a]ny party who is or may be eligible for attorney's fees on appeal to this Court may, within the time permitted in Ninth Circuit Rule 39-1.6,

15

file a motion to transfer consideration of attorney's fees on appeal to the district court or administrative agency from which the appeal was taken."

## V. CONCLUSION

For the foregoing reasons, Defendants Ellis Roy Stern, Alan N. Goldberg, and Stern & Goldberg request this Court grant their request for attorney's fees incurred in relation to this appeal the amount of $35,100.00 or alternatively transfer consideration of S&G's request for appellate attorney's fees to the district court.

DATED: June 23, 2026        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      */s/ Corinne C. Bertsche*
         Corinne C. Bertsche
         Attorneys for **ELLIS ROY STERN, ESQ;**
         **ALAN N. GOLDBERG, ESQ; and**
         **STERN & GOLDBERG, ESQ**

## <u>DECLARATION OF CORINNE C. BERTSCHE</u>

I, CORINNE C. BERTSCHE, being duly sworn, state as follows:

1. I am over 18 years of age, have personal knowledge of the matters asserted in this declaration, can attest to its accuracy, and am competent to testify as follows:

2. I am an attorney at law admitted to practice in the United States Court of Appeals for the Ninth Circuit. I am a partner of the law firm of Lewis Brisbois Bisgaard & Smith LLP, the attorneys of record for Defendants and Appellees, Ellis Roy Stern, Esq; Alan N. Goldberg, Esq. and Stern & Goldberg (herein "S&G"). I am the attorney primarily responsible for representing S&G defendants and appellees on appeal.

3. This declaration is submitted in support of S&G's request for attorney's fees pursuant to Ninth Circuit rule 39-1.6, and California Code of Civil Procedure section 425.16 subdivision (c), or in the alternative, motion to transfer consideration of S&G's request for attorney's fees on appeal to the district court pursuant to Ninth Circuit rule 39-1.8.

4. S&G Defendants filed their Special Motion to Strike ("anti-SLAPP" motion) pursuant to California Code of Civil Procedure section 425.16 on July 30, 2019, asserting that Cross-Complainants' claims were barred by the litigation

17

privilege, statute of limitations, collateral estoppel doctrine, and quasi-judicial immunity.

5. On August 20, 2019, plaintiff Laura Lynn Hammett filed a voluntary dismissal of her complaint and causes of action against S&G Defendants, but expressed an intent to refile new claims against the attorney defendants in her notice of dismissal.

6. On August 23, 2019, S&G Defendants offered plaintiff Laura Lynn Hammett a waiver of fees and costs in return for a dismissal with prejudice and a full release including waiver of California Civil Code section 1542. In response, plaintiff demanded $100,000.00.

7. S&G thereafter filed their Motion for Attorney's Fees incurred in connection with its anti-SLAPP motion, which was later granted by the district court, the Honorable Janice L. Sammartino on March 23, 2020, awarding S&G defendants $23,010.50 in attorney's fees. On October 1, 2020, Hammett filed a motion to vacate and reconsider the district court's order granting attorney's fees, which the district court denies on September 30, 2022.

8. On April 22, 2020, Plaintiff attempted to appeal the district court's initial interlocutory order granting the motions for attorneys' fees before judgment was entered as to all parties. On May 1, 2020, this Court ordered Plaintiff to show cause why the appeal should not be dismissed for lack of jurisdiction. (Ninth

Circuit Dkt. 8 in Case No. 20-55442.) After review of the parties' responses to the order to show cause, on July 23, 2022, this Court issued its order dismissing Plaintiff's appeal on the ground that the order appealed from was a non-appealable order and this Court lacked jurisdiction.

9. On October 25, 2022, Hammett filed a Notice of Appeal of the district court's order granting defendants' motion for attorney's fees, denying the motion to vacate the order granting attorney's fees, as well as the court's order granting co-defendants' motions to strike her Third Amended Complaint (TAC) for failure to state a claim against other defendants.

10. After briefing concluded, this Court issued its Memorandum Disposition on May 15, 2026, and vacated all orders going to the merits and remanded for the district court to dismiss without prejudice for lack of subject-matter jurisdiction as to the claims against the other defendants. However, this court affirmed the district court's order awarding S&G Defendants' attorney's fees, finding the district court properly awarded attorney's fees pursuant to Code of Civil Procedure section 425.16(c), and had subject-matter jurisdiction since it was collateral to the merits of the litigation.

11. Following dismissal of Plaintiff's interlocutory appeal (Ninth Circuit Case No. 20-55442), this Court granted Defendants' alternate motion to transfer their application for attorneys' fees incurred on appeal to the district court for

19

consideration to be heard with Defendants' request for additional fees incurred in the district court. Defendants thereafter filed a combined renewed motion for additional attorneys' fees requesting attorneys' fees incurred in relation to plaintiff's interlocutory appeal of the initial fee award, and fees in responding to Plaintiff's multiple further efforts to challenge the fee award as prevailing parties in their anti-SLAPP motion pursuant to Code of Civil Procedure section 425.16(c).

12.     On May 9, 2024, the district court granted defendants' renewed motion for additional attorneys' fees and awarded defendants $42,435.00 in additional attorneys' fees. (1-SER-2–10.)  On May 30, 2024, plaintiff filed her notice of appeal of this order.

13.     On May 27, 2026, this Court affirmed the district court's order granting defendants' renewed motion for additional attorney's fees. This Court thereafter issued its formal Mandate on June 18, 2026. This fee application requests $35,100.00 in fees incurred in relation to this appeal and fee application only.

14.     At my firm, we record time contemporaneously in increments of one-tenth of an hour. A detailed time record of the services rendered and the time expended are entered into a computer database maintained by the firm's billing department. We bill for our time, with the fee determined by multiplying the hours recorded by the hourly rate of the professional.

20

15.    I have reviewed each and every billing entry performed on S&G Defendant's behalf in connection with this appeal. The bills reviewed represent time billed from Hammett's filing of the Notice of Appeal through the current date. I have carefully segregated the time spent on the appeal of the attorney's fee award on the Special Motion to Strike and order denying Hammett's motion to vacate that order from all the remaining entries, and included only that time spent in relation to this appeal. Altogether, the fees sought consists of 74 hours that I billed in relation to this appeal and motion for attorney's fees on appeal from 10/25/2022 to 6/8/2026. This includes the following work:

S&G incurred the following attorney's fees in relation to this appeal:

| **Attorney** | **Time Billed and Work Performed**<br>from May 30, 2024 to Nov. 19, 2024, and June 2026 | |
|---|---|---|
| Corinne Bertsche | 1.9 hours | Review the notice of appeal, scheduling order, circuit court orders, requests for extension, notice of filings and service, memorandum of decision, mandate from this Court |
| Corinne Bertsche | 42.3 hours | Review and analysis of appellant's opening brief, prepare answering brief and review appellant's reply brief; |
| Corinne Bertsche | 1.3 hours | Legal Research for appeal; |
|  | 14.6 hours | Review and analysis of filed documents and preparation of supplemental record on appeal |

21

| Corinne Bertsche | 7.4 hours | Communicating with clients regarding issues, arguments and filings raised in and related to this appeal; |
| --- | --- | --- |
| Corinne Bertsche | 2.6 hours | Communicating with plaintiff, Laura Hammett, regarding issues related to this appeal, including the supplemental excerpts of the record on appeal |
| Corinne Bertsche | 3.9 hours | Preparing application for attorney's fees on appeal, declaration of Corinne Bertsche, or in alternative, motion to transfer consideration to district court, including research re motion. |
| Total | 74 hours x $450 per hour = $33,300.00 | |

16.    I also anticipate incurring 4.0 hours in replying to Hammett's opposition to this motion.

17.    Attached as Exhibit A is a true and correct copy of the summary of time incurred in relation to this appeal, as set forth in Ninth Circuit Form 9. Based upon my review of the billing records related to this appeal, and my work on this matter, I believe the time spent was reasonable and necessary under the circumstances of the action.

18.    Based on the prevailing rates in the community for similar work, S&G requests an hourly rate of $450 per hour for my legal services in this action. I have been an attorney practicing civil litigation in Southern California, including Riverside, Orange, San Diego, San Bernardino and/or Los Angeles Counties for

22

over 30 years since 1994, and am a partner in my firm, Lewis Brisbois Bisgaard & Smith, LLP. I have also handled numerous actions involving duties of attorneys, including legal malpractice and malicious prosecution matters since I became an attorney in 1994, and have been a Certified Legal Malpractice Specialist since 2011. I have been practicing in professional liability, with an emphasis on defense of legal malpractice and malicious prosecution actions for the majority of my legal career, and have prepared numerous anti-SLAPP motions and judgments and motions for attorney's fees resulting from the granting of anti-SLAPP motions. Based on my experience, knowledge and review of the hourly rate other attorneys of my experience level in San Diego and type of work have charged, the hourly rate of $450 per hour is reasonable and less than the rate charged by other attorneys with my qualifications in the community for similar work. The district court found this rate reasonable in awarding attorney's fees in the district court action. It is also well below the hourly rates for an attorney with my experience listed on the USAO Attorney's Fee Matrix - 2015-2021.

19.    As a litigator in Southern California since 1994, I have been involved in numerous cases involving attorneys' fees and attorneys' fee motions in which issues relating to the range of hourly rates charged by lawyers in the Southern California area have been litigated, including SLAPP suits.

23

Based upon my experience, I believe a reasonable hourly rate for me is $450 per hour.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on June 23, 2026, at San Diego, California.

*/s/ Corinne C. Bertsche*
Corinne C. Bertsche

# EXHIBIT A

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 9. Application for Attorneys' Fees under Circuit Rule 39-1.6

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form09instructions.pdf*

**9th Cir. Case Number(s)**  24-3621

**Case Name**  Laura Lynn Hammett v. Mary E. Sherman, et al.

Summarize for each lawyer and paralegal the total hours spent in the categories set forth below:

| *DESCRIPTION OF SERVICES* | *Hours* |
|---|---|
| Interviews and Conferences | 10 |
| Obtaining and Reviewing Records | 14.6 |
| Legal Research | 1.3 |
| Preparing Briefs | 42.3 |
| Preparing for and Attending Oral Argument | 0 |
| Other (*specify below*)<br>1.9 hours Review notices, orders, and filings for this appeal<br>3.9 hours preparing application for fees, and 4.0 hours est. for reply | |
| *Total Hours/Claimed:* | 78 |
| *Total Compensation Requested:*  $ 35,100.00 | |

**Signature**  /s/ Corinne C. Bertsche     **Date**  June 23, 2026

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 9**                                                        26                                                        *Rev. 12/01/2025*

## <u>CERTIFICATE OF COMPLIANCE</u>
## FED. R. APP. P. 27 AND CIRCUIT RULE 27-1
## FOR CASE NUMBER 24-3621

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, I certify that Ellis Roy Stern, Esq; Alan N. Goldberg, Esq and Stern & Goldberg's Application for Attorney's Fees on Appeal pursuant to Ninth Circuit Rule 39-1.6, or Alternatively, Motion To Transfer Consideration Of The Attorneys' Fees On Appeal To District Court Pursuant To Rule 39-1.8 is proportionately spaced, has a typeface of 14-point or more and contains 3,069 words.

DATED: June 23, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      <u>*/s/ Corinne C. Bertsche*</u>
Corinne C. Bertsche
Attorneys for **ELLIS ROY STERN, ESQ;**
**ALAN N. GOLDBERG, ESQ; and**
**STERN & GOLDBERG, ESQ**

27

## CERTIFICATE OF SERVICE
## FOR CASE NUMBER 24-3621

I hereby certify that on June 23, 2026, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the Ninth

Circuit by using the appellate CM/ECF system.

**ELLIS ROY STERN, ESQ; ALAN N. GOLDBERG, ESQ AND STERN & GOLDBERG'S APPLICATION FOR ATTORNEY'S FEES ON APPEAL PURSUANT TO NINTH CIRCUIT RULE 39-1.6, OR ALTERNATIVELY MOTION TO TRANSFER CONSIDERATION OF THE ATTORNEYS' FEES ON APPEAL TO DISTRICT COURT PURSUANT TO RULE 39-1.8; DECLARATION OF CORINNE C. BERTSCHE IN SUPPORT**

Participants in the case who are registered CM/ECF users will be served by

the appellate CM/ECF system.

*/s/ Raquel Legaspi*
Raquel Legaspi