Case 3:19-cv-00605-LL-AHG   Document 333   Filed 07/17/26   PageID.4451   Page 1 of 18

No. 24-3621

---

**In the United States Court of Appeals**

**For the Ninth Circuit**

---

LAURA LYNN HAMMETT

Plaintiff-Appellant

v.

MARY E. SHERMAN, et al.

Defendants-Appellees

---

Appeal from the United States District Court for the Southern District of California

Case No. 19-CV-0605-LL-AHG

The Honorable Linda Lopez

---

Laura Lynn Hammett's Response Re: ELLIS ROY STERN, ESQ; ALAN N. GOLDBERG, ESQ AND STERN & GOLDBERG'S APPLICATION FOR ATTORNEY'S FEES ON APPEAL PURSUANT TO NINTH CIRCUIT RULE 39-1.6, OR ALTERNATIVELY, MOTION TO TRANSFER CONSIDERATION OF THE ATTORNEYS' FEES ON APPEAL TO DISTRICT COURT PURSUANT TO RULE 39-1.8

---

Laura Lynn Hammett, In Pro Se
16 Gold Lake Club Road
Conway, Arkansas 72032
Telephone: (760) 966-6000
Bohemian_books@yahoo.com
Electronic Filer

1

## I.   Introduction

This motion presents an opportunity for the Court to exercise its discretion in a manner consistent with fairness and the interests of justice. Although this Court ultimately determined that the district court lacked subject-matter jurisdiction, the Attorney Defendants nevertheless seek an additional award of attorney fees against a pro se litigant who repeatedly attempted to identify and correct the jurisdictional and procedural defects in the case, starting before the anti-SLAPP motion was filed. See Exhibit A, Plaintiff's Motion for Leave to Retain Representation on Limited Scope filed July 22, 2019, ECF No. 11, 3:19-cv-00605-LL-AHG (anti-SLAPP motion filed July 30, 2019, ECF No. 21).

The motion for further attorney fees relies upon factual assertions that are contradicted by the record. Those assertions have been repeated by Defendants Ellis Roy Stern, Alan N. Goldberg, and Stern & Goldberg (collectively, the "Attorney Defendants"), through their counsel, Corinne C. Bertsche of Lewis Brisbois Bisgaard & Smith LLP. The relevant documents are matters of public record, including Plaintiff's Notice of Voluntary Dismissal, attached as Exhibit B.

This Court possesses the authority to award attorney fees notwithstanding its determination that subject-matter jurisdiction was lacking. The question presented here, however, is not whether the Court has that authority, but how it should exercise its discretion under these unusual circumstances. Because the litigation proceeded

2

despite threshold jurisdictional defects, because Plaintiff acted in good faith to correct procedural errors once they became apparent, and because the record does not support several of the factual assertions advanced in support of the present motion, equity weighs heavily against any substantial fee award. At most, a nominal award of one dollar is appropriate.

## II.    Factual Background

The Attorney Defendants' motion contains factual assertions that are contradicted by the record.

First, the Attorney Defendants assert that "HAMMETT filed claims clearly barred by California's anti-SLAPP statute against her litigation adversary's counsel." *Mot.* at 4. Plaintiff's claims against the Attorney Defendants alleged legal malpractice and conversion. Plaintiff consistently argued that neither claim satisfied the first prong of California's anti-SLAPP analysis because neither arose from protected activity. Rather than addressing the first prong, the district court proceeded directly to the second prong and concluded that Plaintiff's voluntary dismissal established, by operation of law rather than by adjudication on the merits, that the Attorney Defendants would have prevailed.

Second, the Attorney Defendants assert that Plaintiff voluntarily dismissed her claims "in response to the anti-SLAPP motion." *Mot.* at 4. The record establishes

otherwise. Plaintiff's Notice of Voluntary Dismissal expressly states that the dismissal occurred because Plaintiff concluded that the derivative claims filed by a non-attorney were a legal nullity and that the claims should instead be refiled as direct claims by Plaintiff individually. See Exhibit B, Plaintiff's Notice of Voluntary Withdrawal. The dismissal was therefore prompted by Plaintiff's recognition of a procedural defect, not by the filing of the anti-SLAPP motion.

The record further demonstrates Plaintiff's efforts to correct that defect before dismissing the claims. Plaintiff moved for leave to retain counsel on a limited-scope basis because she could not afford full representation but needed legal assistance concerning the distinction between derivative and direct claims. See Exhibit A. Judge Janis L. Sammartino denied that request. Had limited-scope counsel been permitted, the procedural defect that necessitated the voluntary dismissal likely would have been avoided altogether.

The Attorney Defendants accurately state that Plaintiff attempted to appeal the district court's interlocutory attorney-fee order before entry of final judgment. This Court ordered Plaintiff to show cause why the appeal should not be dismissed for lack of appellate jurisdiction, and the appeal was dismissed because the order was not immediately appealable –not because of the lack of subject matter jurisdiction.

The jurisdictional defect in the underlying action was not addressed until years later, after final judgment had been entered and the appeal had been fully briefed. As

4

this Court ultimately held, the district court lacked subject-matter jurisdiction.

Federal jurisdiction was absent because neither a federal question nor complete

diversity existed. An LLC is a citizen of every state in which one of its members is

a citizen; therefore, when a member sues the LLC, complete diversity is lacking.

*Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia*

*Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Rather than promptly raising the threshold jurisdictional deficiencies—that

Plaintiff, proceeding pro se, could not maintain derivative claims and that complete

diversity was absent—the Attorney Defendants litigated the case extensively and

accumulated attorney fees exceeding six figures. Plaintiff, by contrast, voluntarily

dismissed the derivative claims after recognizing the procedural defect and sought

dismissal by this Court based upon the lack of jurisdiction. Under these

circumstances, imposing an additional attorney-fee award on a pro se litigant would

be inequitable.

Finally, the derivative complaint filed by a non-attorney was a legal nullity. If

that complaint is treated as valid for purposes of determining legal fees, it cannot

later serve as the basis for imposing consequences that effectively preclude Plaintiff

from pursuing properly pleaded direct claims. Any contrary result, such as a claim

that the savings statute should not apply because the original complaint was void,

would produce inconsistent treatment of the same pleading.

## III.   ARGUMENT

**A.   Although the Court Possesses Authority to Award Attorney Fees Following Dismissal for Lack of Subject-Matter Jurisdiction, That Authority Is Discretionary and Should Be Exercised Equitably.**

Plaintiff does not dispute that a federal court may, in appropriate circumstances, award attorney fees or impose collateral sanctions notwithstanding a later determination that subject-matter jurisdiction was lacking. See, e.g., *Willy v. Coastal Corp.*, 503 U.S. 131 (1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

The issue before the Court is therefore not whether it possesses the authority to award additional attorney fees, but whether such an award would further the purposes of fee-shifting under the extraordinary facts presented here.

"The Court has broad discretion to determine the amount of reasonable fees and the award of such fees is governed by equitable principles. *Gorman v. Tassagara Development Corp.*, 178 Cal. App. 4th 44, 92 (2009), *quoting PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1094-1095 (2000)." *Abselet v. All. Lending Grp., Inc.*, No. 2:11-CV-00815-JFW(JEMX), 2018 WL 11696646, at 2 (C.D. Cal. Aug. 28, 2018). Among the relevant factors a court may consider is the necessity for and the nature of the litigation. *Abselet*, No. 2:11-CV-00815-JFW(JEMX), 2018 WL 11696646, at 2.

That discretion should be exercised in light of the totality of the circumstances rather than by mechanical application of fee-shifting principles.

**B.    Equity Does Not Favor a Substantial Fee Award Against a Pro Se Litigant Who Attempted to Correct Jurisdictional and Procedural Defects.**

The record demonstrates that Plaintiff acted in good faith throughout the litigation.

After recognizing that a derivative action could not be maintained by a non-attorney, Plaintiff voluntarily dismissed the derivative claims and sought to proceed properly. See Exhibit B. Plaintiff also raised the absence of jurisdiction in her interlocutory appeal. Rather than attempting to prolong the litigation, Plaintiff sought to terminate proceedings that could not properly remain in federal court.

By contrast, the Attorney Defendants elected to litigate extensively despite threshold procedural and jurisdictional defects, resulting in attorney fees exceeding six figures. The subject matter jurisdictional defect that was overlooked by the Attorney Defendants and the court is a concept taught in 1L law school curriculums universally.

The purposes of fee-shifting—including deterrence of abusive litigation and compensation for unnecessary expense—are not served by imposing substantial additional fees under these circumstances. Instead, such an award would punish a

pro se litigant who attempted to correct her own mistakes while rewarding years of unnecessary litigation.

### C. The Motion Relies Upon Factual Assertions That Are Not Supported by the Record.

An award of attorney fees should not rest upon factual assertions contradicted by the record.

The Attorney Defendants continue to characterize Plaintiff's voluntary dismissal as a response to the anti-SLAPP motion despite Plaintiff's contemporaneous Notice of Voluntary Dismissal expressly stating otherwise.

Likewise, the Attorney Defendants characterize Plaintiff's claims as "clearly barred" by California's anti-SLAPP statute despite Plaintiff's consistent argument that the claims failed the first prong of the anti-SLAPP analysis because they did not arise from protected activity.

While Plaintiff recognizes that this Court need not revisit the merits of the anti-SLAPP ruling, the accuracy of the factual narrative advanced in support of additional attorney fees remains relevant to the Court's exercise of equitable discretion.

### D. If Any Additional Fee Award Is Appropriate, It Should Be Nominal.

The Court has broad discretion when calculating and awarding attorney fees. See *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973,

978 (9th Cir. 2008). Here, several equitable considerations weigh strongly against a substantial award:

- Plaintiff proceeded without counsel and attempted in good faith to comply with complex procedural rules. See *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

- Plaintiff voluntarily dismissed the derivative claims after recognizing a procedural defect.

- Plaintiff challenged the existence of jurisdiction in her response to this Court's order to show cause why the plaintiff's interlocutory appeal should not be dismissed.

- The litigation continued for years before the subject matter jurisdictional defect was recognized.

- The courts failed to ever recognize that the derivative claim was a nullity from the inception.

- The present motion relies upon factual assertions that are contradicted by the record.

Under these circumstances, the purposes of fee-shifting would not be advanced by imposing additional substantial attorney fees against Plaintiff.

If the Court concludes that some fee award remains appropriate notwithstanding these circumstances, Plaintiff respectfully submits that a nominal

award of one dollar adequately recognizes the Court's authority while avoiding a manifestly inequitable result.

Respectfully submitted,

July 3, 2026                                                    /s/ Laura Lynn Hammett

Laura Lynn Hammett
16 Gold Lake Club Road
Conway, Arkansas 72032

Bohemian_books@yahoo.com
Appellant in Pro Se

CERTIFICATE OF COMPLIANCE FOR CASE NUMBER 24-3621
(FRAP 27 and 32 and Ninth Circuit Rules 27.1 and 32-1)
Pursuant to Federal Rules of Appellate Procedure Rules 27(d)(2), 32(a)(7)(B) and 32(g) and Ninth Circuit Rule 27.1 and 32-1, I certify that the Appellant's Response to ELLIS ROY STERN, ESQ; ALAN N. GOLDBERG, ESQ AND STERN & GOLDBERG'S APPLICATION FOR ATTORNEY'S FEES ON APPEAL PURSUANT TO NINTH CIRCUIT RULE 39-1.6, OR ALTERNATIVELY, MOTION TO TRANSFER CONSIDERATION OF THE ATTORNEYS' FEES ON APPEAL TO DISTRICT COURT PURSUANT TO RULE 39-1.8 is proportionately spaced, has a typeface of 14-point or more and contains 1,887 words.

Certificate of Service

All attorneys of record to the district court case are served by filing with the electronic filing system.

/s/ Laura Lynn Hammett

 Laura Lynn Hammett
 16 Gold Lake Club Road
 Conway, Arkansas 72032
 (760) 966-6000
 Bohemian_books@yahoo.com
 Appellant in Pro Se

# EXHIBIT A

Laura Lynn Hammett

Bohemian_books@yahoo.com

500 Amity Road Suite 5B #306

Conway, Arkansas 72032

*Plaintiff in pro se*

Laura Lynn Hammett

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laura Lynn Hammett,<br><br>                        Plaintiff,<br><br>v.<br><br>Mary E. Sherman, et al.<br><br>                    Defendant. | Case No.: 19-CV-0605-JLS-LL<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO RETAIN REPRESENTATION ON LIMITED SCOPE<br><br>Honorable Janis L. Sammartino presiding |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Litigation is expensive. In a similar case to the one presented here, Schrage v. Schrage, one brother sued his two other brothers for breach of fiduciary duty in regards to businesses their parents started and passed on to the sons. [16 Trials Digest 22d 10, 2019 WL 1644892 (Cal.Super.) (Verdict and Settlement Summary)] The jury award included $962,903 for attorney fees and expenses of winding up the businesses, several being LLCs.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO RETAIN REPRESENTATION ON LIMITED SCOPE

19-CV-0605-JLS-LL

Most people, including the plaintiff in the present case, cannot come up with that much money in advance of settlement of the case. Without representation by a licensed, educated and experienced attorney, even plaintiffs who were obviously victimized or defendants who are completely innocent of wrongdoing might be out-lawyered in civil court. In criminal court, the Plaintiffs who are the People are represented by government attorneys and defendants are all entitled to an attorney provided by the government if they cannot afford one. [Miranda v. Arizona (86 S.Ct. 1602, Supreme Court of the United States, 1966)]

The Courts are making an effort to provide attorney services in civil actions pro bono, such as in cases under the Civil Rights Act OF 1964, 42 U.S.C. 2000e 5(f)(1) and the Pro bono Work to Empower and Represent Act of 2018.

This Court's neighbor to the North, the United States District Court Central California District has a program that provides pro bono representation to Pro Se litigants on a limited scope of representation. As per their website:

*"The Pilot Program enables judges to appoint volunteer attorneys for limited-scope engagements on non-prisoner, pro se, civil cases.  Pro bono attorneys will have the opportunity to perform discrete, specifically defined tasks such as representing a pro se litigant during a settlement conference, filing an opposition to a dispositive motion, or appearing at a deposition.  Such limited representation aids both the Court and all litigants in the case by clarifying the issues to be adjudicated, facilitating resolution of the case, and promoting just and fair adjudication."*

The objective of the Court is to provide justice, not to be referee in a sport or game. "The Rules of Court should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. "[F.R.C.P. Rule 1]

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO RETAIN REPRESENTATION ON LIMITED SCOPE

19-CV-0605-JLS-LL

The American Bar Association Model Rules of Professional Conduct Rule 1.2(c) states, "A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." In the present case, the Plaintiff is well informed of her options for attaining representation and believes that representation by counsel is economically feasible only if it is for limited scope to bring motions that allow for attorney fees before final judgement or sanctions; if permission for telephonic appearances are ever denied and the Plaintiff who resides in Arkansas would incur an inordinate expense to travel to California for a particular hearing; to coach on practical application of the law; to assist if we go to trial, especially to have someone to ask Plaintiff questions on direct examination; and for explanation of particularly complex issues like Derivative causes of action.

Date _____ Signature___s/Laura Lynn Hammett_____

Plaintiff in Pro Se Laura Lynn Hammett

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO RETAIN REPRESENTATION ON LIMITED SCOPE

19-CV-0605-JLS-LL

# EXHIBIT B

Laura Lynn Hammett

Bohemian_books@yahoo.com

500 Amity Road Suite 5B #306

Conway, Arkansas 72032

*Plaintiff in pro se*

Laura Lynn Hammett

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laura Lynn Hammett,<br><br>                                   Plaintiff,<br><br>v.<br><br>Mary E. Sherman, et al.<br><br>                                   Defendant. | Case No.:  19-CV-0605-JLS-LL<br><br>NOTICE OF VOLUNTARY DISMISSAL ON (1) SIXTH CAUSE OF ACTION FOR LEGAL MALPRACTICE AGAINST ELLIS ROY STERN, ESQ., ALAN N. GOLDBERG, ESQ., STERN & GOLDBERG, PATRICK C. McGARRIGLE, ESQ, McGARRIGLE, KENNEY & ZAMPIELLO, APC, WITHOUT PREJUDICE AND (2) FIFTH CAUSE OF ACTION FOR CONVERSION AGAINST ELLIS ROY STERN, ESQ., ALAN N. GOLDBERG, ESQ., STERN & GOLDBERG, PATRICK C. McGARRIGLE, ESQ, McGARRIGLE, KENNEY & ZAMPIELLO, APC WITHOUT PREJUDICE<br>[FRCP, Rule 41 (a)(1)<br><br>Honorable Janis L. Sammartino presiding |

1 NOTICE OF VOLUNTARY DISMISSAL ON THE SIXTH CAUSE OF ACTION AND FIFTH CAUSE OF ACTION

AGAINST "ATTORNEY DEFENDANTS"   19-cv-0605-JLS-LL

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure, Rule 41 (a)(1)(A)(i), Plaintiff Laura Lynn Hammett hereby voluntarily dismisses the Sixth Cause of Action for Malpractice and the Fifth Cause of Action for Conversion against defendants ELLIS ROY STERN, ESQ., an individual; ALAN N. GOLDBERG, ESQ., an individual; STERN & GOLDBERG, a California Partnership; PATRICK C. MCGARRIGLE, ESQ., an individual; and MCGARRIGLE, KENNEY & ZAMPIELLO, A PROFESSIONAL LAW CORPORATION, a California corporation.

This dismissal is necessitated because the Pro Se Plaintiff errantly titled the Sixth Cause of Action, omitting "on behalf of Silver Strand Plaza, LLC as plaintiff and nominal defendant."

Plaintiff is not a licensed attorney and is therefore ineffective counsel and cannot represent a limited liability company.

None of the defendants appearing in the case included this in their motions or memorandums of points and authorities and it came to Plaintiff's attention through her own research. Plaintiff apologizes to the Court and the defendants for her error.

Because the two anti-SLAPP motions filed by the Attorney Defendants require early discovery, the Plaintiff chooses to withdraw the less significant claim of conversion now and revive it after she files a motion pursuant to CCP 1714.10 to include a claim of Aiding and Abetting a Breach of Fiduciary Duty (FAC ¶13, 215 and 226). This will conserve resources of time and money for the Court and all the parties.

Date __8/20/2019_____      Signature__s/Laura Lynn Hammett_____

Plaintiff in Pro Se Laura Lynn Hammett

2 NOTICE OF VOLUNTARY DISMISSAL ON THE SIXTH CAUSE OF ACTION AND FIFTH CAUSE OF ACTION AGAINST "ATTORNEY DEFENDANTS"   19-cv-0605-JLS-LL